# Anderson *v.* Buckley.

*Bill in Equity for Appointment of Receiver of Dissolved Corporation.*

1. *Dissolution of corporation by expiration of time; no ground for appointment of receiver.*—Where the charter of a domestic corporation expires by limitation of time, there is, by operation of law, an involuntary dissolution of the corporation; but if at the time of such expiration the property and assets of the corporation are in the custody, and its affairs under the management, of the persons designated by the statute, the mere fact of dissolution, without more, furnishes no ground for the appointment of a receiver of the corporate assets.

2. *Removal of trustee; can not be secured by stranger to trust.* While a conflict in his personal interest and his duty as a

[Anderson v. Buckley.]

trustee constitutes a sufficient ground for the removal of a trustee from the management of the trust, his removal will not be granted upon the application of a stranger to the trust.

3. *Same; same; when non-contributing stockholders in a corporation strangers to trust in hands of directors as trustees after dissolution of corporation.*—Where, under a resolution passed by the board of directors of a going corporation, notes are executed by certain members of the board and shareholders, for the sole and exclusive benefit of creditors of the corporation, and in said resolution it is expressly provided that no non-contributing shareholder should, upon the dissolution of the corporation and a division of its assets among the shareholders, participate in a distribution of the fund so contributed, such notes are without consideration as to the shareholders who did not contribute under said resolution; and upon the subsequent involuntary dissolution of the corporation by expiration of its charter, when its board of directors became trustees under the statute, the fact that said notes were executed by some of the board to whom they were delivered as trustees, does create a trust in said notes in favor of the non-contributing shareholders as *cestui que trust* which gives them the right to complain that there is conflict between personal interest and duty on the part of the trustees, and to secure their removal looking to the appointment of a receiver.

4. *Trusts; purchase of trust property by trustee.*—In the absence of fraud or unfairness, the purchase by a trustee of trust property constitutes no ground for the removal of the purchasing trustee; and such is not absolutely void, but only voidable at the election of the *cestui que trust.*

5. *Same; trustee in default can not complain of his co-trustees on account of same wrong.*—A trustee who is himself in default in the discharge of the duties imposed by the trust, can not, in a court of equity, complain of a like dereliction of duty on the part of his co-trustees, who possessed no more right or authority than did he, and ask relief against them on account of such default.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellants, P. J. Anderson and John B. Nicrosi, as shareholders of the Commercial Fire Insurance Company, in their own behalf and in behalf of all other stockholders and creditors of said Commercial Fire Insurance Company

[Anderson v. Buckley.]

against the appellees, C. W. Buckley, S. C. Marks, M. P. LeGrand, J. H. Clisby, F. Duncan and C. A. Lanier, as trustees of the stockholders and creditors of the Commercial Fire Insurance Company.

The purpose of the bill was removal of the parties respondent as trustees, under the statute, of the Commercial Fire Insurance Company, whose charter had expired, by limitation of time, and for the appointment of a receiver *pendente lite.* A motion was made for the appointment of the receiver, and denied. The bill was amended, and the motion for the appointment of a receiver was renewed. This motion was again denied, and from the decree refusing the appointment of the receiver the present appeal is taken, and the rendition of this decree is assigned as error.

The grounds as alleged in the bill as amended for the appointment of a receiver are as follows: It is alleged that among the assets of said dissolved corporation are certain promissory notes of appellees, M. P. LeGrand, C. W. Buckley, H. C. Tompkins, J. H. Clisby, S. C. Marks and C. A. Lanier, executed while they were directors of said company; that said notes were under the custody and control of appellees as said trustees; that no effort has been made to collect them; that appellees declare that said notes were given by them with an understanding among themselves that they were not to be paid and deny that they are collectible assets of said corporation. It is further alleged in the amendment to bill filed on the 20th of September, 1899, that the report prepared by the secretary and manager of said corporation in March, 1896, and sworn to by them as true with the approval of appellees as directors of said company purporting to set out the real condition of the business of said company for the year 1895 and which was filed on the 12th of March, 1896, as required by section 1100 of the Code of Alabama set forth and represented said notes a part of the assets of said company; that unless said notes had been so used as said assets the condition of said company was such that it was regarded by said directors as subjecting said company to have its authority removed by the Auditor of the State under section 1206 of the Code of 1886; that at the time of making said report the said company

was not prospering but was losing money and that it was to the interest of the stockholders that its business be wound up, and that it was the wish of appellant Anderson who was one of the said directors and who refused to execute his note with appellees, that said company wind up its business and stop the losses.

Upon these allegations it is contended by appellants who are not creditors but only shareholders of the Fire Insurance Company, that appellees should be removed and a receiver appointed because their interest as makers of said notes is in conflict with their duty as said trustees to collect the same.

The sworn answer of appellees supported by affidavits of S. C. Marks, M. P. LeGrand, C. A. Lanier, John H. Clisby and Frank Duncan, offered in opposition to motion, show that said notes of appellees were executed without consideration, solely for the benefit of the creditors of said company, under the following resolution adopted at a meeting of the Board of Directors of said Company at which complainant Anderson, also a director, was present: "Copy of resolution adopted at a meeting of the board of directors of the Commercial Fire Insurance Company at a meeting held at its office March 11th, 1895, at which was present Messrs. Marks, Buckley, Duncan, Lanier, Tompkins, LeGrand and Anderson." "Resolved that the president of this company be and is hereby instructed to call upon the several stockholders of the company or upon such of them as he deems advisable to call upon to contribute to the capital stock of the company 18 per cent. of the par value of the stock held by such stockholders respectively and to accept for such contributions the demand notes of the contributors, but upon a dissolution of the corporation or the winding up of its affairs such stockholders as shall not make such contributions shall not be entitled to participate in any fund derived therefrom. Such contributions being intended for the benefit only of the creditors of the company. All contributions under this resolution are to be treated as made December 31st, 1894, and all notes therefor are to bear that date. No contribution shall be valid unless the total amount contributed shall equal $14,800 or more."

[Anderson v. Buckley.]

The answer of the appellees further shows that all the debts of the Commercial Company are paid except a debt of $3,500 due to the Merchants' and Planters National Bank, secured by collateral and accommodation endorsement of appellees as said trustees; a debt of $1,080 to R. F. Ligon similarly secured; a claim of $400 of Orient Insurance Company, and a disputed claim of $1,800 of German Fire Insurance Company. The answer further shows that the assets of the company other than their said notes are largely more than sufficient to pay said indebtedness, and that as said notes were given expressly for the sole benefit of the creditors of the company and were not needed for that purpose they did not collect them.

After the filing of the sworn answer of appellees and the affidavits showing the circumstances under which said notes were executed, and the condition of the company, appellants filed the amendment of September 22, 1899, above recited.

Appellant Anderson avers that he was one of said trustees and refused to participate in said purpose by the execution of his note with his co-trustees the appellees. The other facts of the case are sufficiently stated in the opinion.

J. M. CHILTON and E. P. MORRISSETT, for appellants. A receiver should have been appointed in this case.

There are cases, of course, when the question whether a receiver will be appointed depends upon the further question of solvency or insolvency of the person over whom the appointment is prayed. But the question of insolvency cuts no figure whatever—is wholly foreign to the inquiry—when the appointment is sought against a trustee, whether he be one created by statute, by will or by deed, when the ground of removal is that his interest is adverse to that of the estate he represents. Neither is the capacity or honesty of a trustee a proper subject of inquiry in such cases. Receivers are appointed in such cases on grounds of public policy, and in recognition of the universal principle that all men are selfish, and that when their own interests come in conflict with the interests of others, they should not be permitted to stand in the position of representing both.

[Anderson v. Buckley.]

The law will not subject them to temptation when the motive to yield is so strong. In 2 Perry on Trusts, § 818, the general rule is announced that a court will in all cases protect a trust estate against the administration of a trustee who has been guilty of "misconduct," or "waste," or "improper disposition of the estate;" or where the trustee has a conflicting interest. See 12 Enc. of Pl. & Pr., 151; *Gould v. Hayes*, 19 Ala. 438; 2 Story's Eq. Jur., 802-3; *Simpson v. Jones*, 82 N. C., 328; *Cavender v. Cavender*, 114 U. S. 472; *Satterfield v. John*, 53 Ala. 128; *Calhoun v. King*, 5 Ala. 83; 1 Perry on Trusts, § 275; *Mills v. Mills*, 29 Pac. Rep. 443.

The facts and circumstances averred in the bill show that the trustees appointed should have been removed. High on Receivers, § 193; *Dewitt v. Miller*, 10 N. Y. 402; 27 Amer. & Eng. Encyc. of Law, 201, 202; *Andrews v. Hobson*, 23 Ala. 219; *Crutchfield v. Thompson*, 14 Ala. 375; *Wiswall v. Stewart*, 32 Ala. 433; 70 Amer. Dec. 549.

HORACE STRINGFELLOW and WATTS, TROY & CAFFEY, *contra.*—It is held by Mr. Perry in his work upon Trusts, 1 Perry on Trusts (5th ed.) § 276, that the mere purchase of trust property by a trustee is not ground for his removal. The *cestui que trust* has the right to affirm or disaffirm the purchase. The beneficiary may consider it to his interest that the purchase should stand. Such is manifestly the case at bar with the holders of 957 shares of the 1,000 shares of the capital stock of the dissolved corporation, appellants only holding 43 shares. If "public policy denounced the transaction as vicious without regard to the election of the purchaser who might or might not have been defrauded it would be without the lawful authority of the purchaser to accept a highly advantageous bargain.—*Dexter v. McClellan*, 116 Ala. 4*.

But it may well be doubted whether appellants can in their own name disaffirm the sale. The Commercial Fire Insurance Company continues to exist as a body corporate for the term of five years after dissolution

"for the purpose of prosecuting or defending suits," etc.—Code, §§ 1298, 1300. If the sale therefore is to be disaffirmed, it should be in the name of the corporation; and if a shareholder, *only in its behalf*, after having first moved the trustees to act resulting in a failure to procure proper action by them.—*Bailey v. Selden*, 112 Ala. 605.

DOWDELL, J.—The bill in this case was filed by the appellants, Pelham J. Anderson and John B. Nicrosi, as shareholders in the Commercial Fire Insurance Company against the appellees as trustees, under the statute, of said company, whose charter had expired by limitation of time—one of the purposes being for the removal of said trustees and for the appointment of a receiver. The court below on the hearing upon the motion to appoint a receiver, denied the motion and from this decree, the present appeal is prosecuted.

The Commercial Fire Insurance Company was a domestic corporation organized under the general statutes of this State and its charter expired by limitation of time. At the date of the expiration of its charter, which under the law operated a dissolution of the corporation, the appellees together with the complainant Pelham J. Anderson constituted the board of directors of said corporation, and upon its dissolution they as managers of the business of the corporation at the time of its dissolution, became trustees under the statute, of the stockholders and creditors, for the purposes and with the powers and duties named in the statute; and as such trustees, it is alleged in the bill, they entered upon the active discharge of the duties of their office.

The dissolution of the corporation was not a voluntary dissolution as upon petition by a majority of the stockholders owning three-fourths of the stock, but involuntary by operation of the law, and as much so, as if its charter had been forfeited by a decree or judgment of a court of competent jurisdiction upon adversary proceedings instituted against it for that purpose. The dissolution being involuntary, and its property and assets being in the custody, and its affairs under the management, of the persons designated by the statute, the mere fact of dissolution without more, furnishes no

ground for the appointment of a receiver.—*Weatherly v. Capital City Water Co.,* 115 Ala. 156.

It is however contended by counsel for appellants that for other grounds alleged in the bill the appellees as trustees should be removed and a receiver appointed. If the charges made by the bill were true and had been sustained by the proof there would be no doubt of the merit of this contention. A conflict of interest and duty on the part of the trustees is alleged in the bill, and it is also charged that said trustees have mismanaged the trust, have been guilty of misconduct, and have wasted the assets. All of these charges are expressly denied in the answer of the respondents. Many authorities are cited to show that it is a sufficient ground for the removal of a trustee from the management of the trust, that there is a conflict in interest and duty of such trustee. There can be no doubt of the soundness and wisdom of this doctrine, and as a general proposition of law it cannot be questioned. But conceding the legal proposition as stated, the removal would not be granted upon the application of a stranger to the trust.—4 Am. & Eng. Dec. in Equity, p. 699. The notes which were executed by the appellees as stockholders and directors of the corporation, and which it is alleged in the bill, they as trustees have failed and refused to collect, serve the basis of the averment or charge as to the conflict of interest with duty on the part of the trustees. These notes were executed under a resolution passed by the board of directors of which the appellant Anderson was a member, solely and exclusively for the benefit of creditors of the corporation, and in said resolution it was expressly provided that no non-contributing shareholder should, upon the dissolution of the corporation and upon a division and distribution of its assets among shareholders, participate in a distribution of the fund so contributed. These notes are absolutely without consideration as to the complainants, who are not creditors, but merely shareholders of the corporation, and not contributing shareholders under said resolution. Under these conditions, it cannot be said that any trust has arisen by the execution of these notes in the collection of which the ap-

pellants as shareholders can have any interest as *cestuis que trust.* Moreover it is shown by the proof that the assets of the dissolved corporation outside of these notes are ample and sufficient to pay all of the indebtedness of the corporation, and furthermore that the outstanding and unpaid debts of the corporation amounting to between five and six thousand dollars are secured by collaterals, and in addition to the collateral security, the notes evidencing said debts are endorsed by the appellees, whose solvency is not questioned. Under these facts, certainly no present necessity is shown to exist for the collection of these notes, nor is there a probability that the necessity will ever arise since the makers of the notes in question are personally liable as endorsers on the obligations of the dissolved corporation, on account of which said indebtedness these notes were made; nor can it be said under the facts, that any present conflict in duty and interest exists, or any probability that such condition will ever obtain. Being executed exclusively for the benefit of creditors no duty of payment arises, unless the demands of creditors call for it. The complainants do not show any probable event in which they as shareholders would have any beneficial interest in the collection of these notes.

No fraud is alleged in the sale of the Brewery stock by the trustees, a part of which was purchased by Le-Grand, one of the trustees. The facts show that this sale was fairly made and was made for the purpose of raising funds to pay debts of the corporation, and the proceeds arising from the sale were so applied; that the price paid for said Brewery stock was its full market value. In the absence of fraud or unfairness the purchase by a trustee of trust property is not ground for his removal.—1 Perry on Trusts (5th. ed.), § 276. Such a sale is not void, but only voidable at the election of the *cestui que trust.* The *cestui que trust* has the right to affirm or disaffirm the purchase. He may consider it to his interest that the purchase should stand. If public policy denounced such a transaction vicious without regard to the election of the *cestui que trust,* the beneficiary would thereby be deprived of a bargain that

[City Council of·Montgomery v. Birdsong.]

might be highly advantageous to him.—*Dexter v. Mc-Clellan et al.*, 116 Ala. 37.

If there was any dereliction of duty on the part of said trustees in their failure to collect the several small items of debts due on account of the corporation mentioned in the bill, which charge we do not think is supported by the proof, the complainant Anderson, who was also a trustee with equal right and authority with the other trustees to demand payment of said accounts, and who never made any effort to collect, was equally guilty of such dereliction, and puts himself in the attitude of asking relief in this respect, on account of his own default.

As to the allegations of waste and mismanagement, we think the proof clearly and abundantly shows that the management of the trust has not only been economical and conserving, but also judicious and capable. The court committed no error in declining to appoint a receiver, and the decree must be affirmed.