## IOWA AND CALIFORNIA LAND COMPANY v. HOAG et al.*

### L. A. Nos. 685, 686; August 28, 1900.

#### 62 Pac. 189.

**Foreign Trustee—Capacity to Sue.—A Trustee Appointed** by a court is thereby vested with no authority to maintain an action outside the jurisdiction of his appointment, and such authority will rarely be recognized by a foreign court, in absence of a statute expressly authorizing it.

**Foreign Trustee—Substitution of Plaintiffs.—Where an Action** was commenced by a foreign trustee who was without capacity to sue in the jurisdiction where it was brought, and whose appointment was also subsequently held void by the court which made it, no substitution of parties plaintiff can render the action maintainable.[1]

---

* For subsequent opinion in bank, see 132 Cal. 627, 64 Pac. 1073.

[1] Cited in Gulledge Bros. Lumber Co. v. Wenatchee Land Co., 115 Minn. 491, 132 N. W. 993, where, however, the court decline to commit themselves on the point it is mentioned as upholding.

Cited and followed in Gulledge Bros. Lumber Co. v. Wenatchee Land Co., 115 Minn. 493, 132 N. W. 993, a case where the corporation, a Washington one, was dissolved under the laws of that state, its property becoming vested in trustees there for administration for the stockholders. It was held that proceedings could not be had in Minnesota by a resort to receivers in lieu of the trustees.

APPEAL from Superior Court, Riverside County.

Actions by the Iowa and California Land Company, substituted plaintiff, against Lillian D. Hoag and Abram Hoag. Judgment for plaintiff and defendants appeal. Reversed.

Chas. R. Gray for appellants; E. W. Freeman and Rolfe & Rolfe for respondent.

HENSHAW, J.—These actions were both actions to foreclose mortgages executed by the defendants to secure their promissory notes. The notes and the securities passed by sundry transfers and assignments to this plaintiff. The questions involved upon these appeals are identical, and the cases may therefore be considered and decided together.

The defendants executed their promissory notes, secured by mortgages upon lands in California, to the Union Loan and Trust Company, a foreign corporation, organized under the laws of the state of Iowa. The Union Loan and Trust Company, to secure its debenture bonds, deposited with one Garretson, as trustee, certain notes and mortgages, among which were the ones executed by these defendants. Thereafter the Union Loan and Trust Company became insolvent, and made an assignment to one Hubbard, as assignee for the benefit of its creditors, of all of its remaining right, title and interest to the securities under the control of Garretson, trustee. Garretson in turn became insolvent, and the creditors of the Union Loan and Trust Company filed a bill in equity in the district court of the state of Iowa for the county of Woodbury (a court of general jurisdiction) setting forth these facts, and praying for the removal of Garretson, and the appointment of some fit and proper person in his place. The Iowa court rendered its decree in accordance with the prayer of its petitioners, ousting Garretson from his trusteeship, and appointing F. B. Hutchins in his place, and empowered him to use all proper means to enforce the collection of the securities so intrusted to him. Under this appointment, Hutchins, as trustee, commenced his action in the superior court of this state to foreclose these mortgages. Thereafter, and during the pendency of this action in this state, certain other creditors of the Union Loan and Trust Company, and holders of the debenture bonds of that company, attacked and opposed

34

the order and decree of the court appointing Hutchins as trustee, upon the particular ground that the court by its order and decree had enlarged the powers of Hutchins as trustee over and above the powers conferred by the articles of trust under which Garretson had been appointed. They pleaded that the court's order authorizing and empowering Hutchins to employ counsel and maintain suits to enforce collections of securities intrusted to him was null and void. After hearing, the district court of Iowa (the same court which had appointed Hutchins trustee) declared and adjudged that its former decree in the premises was a nullity, and that Hutchins was without authority or capacity to sue, and revoked its order appointing him trustee, and in place thereof appointed him receiver of the property of the insolvent corporation, conferring upon him the powers with which such an officer is usually clothed. Hutchins then, in turn, sold and transferred the notes and mortgages here in question to other parties; and by mesne transfer they came into the ownership of the Iowa and California Land Company, a corporation organized under the laws of the state of Iowa. These matters having been shown to the California court by amended and supplemental pleadings, an order of substitution on behalf of the Iowa and California Land Company in the place of Hutchins, trustee, was asked for and obtained. By this substituted plaintiff these actions were prosecuted to judgment.

The principal question urged upon this appeal goes to the right of Hutchins, the trustee, to commence and maintain these actions. A demurrer to the complaint was presented, urging, upon other grounds, the lack of capacity of plaintiff to sue. It is well settled that trustees under judicial appointment, like executors and administrators, have no power to maintain actions outside of the territorial limits of their appointment: Perry, Trusts, sec. 71; Redf. Wills, p. 24. So well settled is it, indeed, that the supreme court of Iowa, in considering this identical question, where the trustee of a foreign corporation sought to maintain an action within the state of Iowa against citizens of that state, declared: "We meet, then, so far as this question is concerned, an unbroken array of authorities, both elementary and adjudicated, extending through a long course of time, denying the plaintiff the right to maintain this action, except in so far as the rule

may be influenced by the fact that in certain cases of receivership, through a spirit of comity, the courts have extended the rule.'' And that court declined to extend the rule applicable to receivers to the case of trustees: Ayres v. Siebel, 82 Iowa, 347, 47 N. W. 989. See, also, Lewis v. Adams, 70 Cal. 403, 59 Am. Rep. 423, 11 Pac. 833; High, Rec., 3d ed., sec. 239 et seq. Where a trustee, then, derives his authority from some act of law or judicial appointment, it seems well settled that his authority is coterminous with the jurisdiction or the law to which he owes his appointment, and that such authority will rarely be recognized by a foreign jurisdiction, in the absence of a statute expressly authorizing the court so to do. The case, of course, is different where the trustee derives his title by direct appointment from the trustor: Curtis v. Smith, 6 Blatchf. 537, Fed. Cas. No. 3505. In this instance the trustee belongs to the former class, and we are referred to no law of this state either authorizing or empowering our courts to recognize the capacity of such a trustee to maintain suits against our citizens. But even if, under an extreme indulgence of the spirit of comity, this court were inclined to extend the rule, because of the very obvious hardship which its enforcement discloses in this case, an irresistible reason arises to prevent it; for to do so would not be to clothe the trustee in this (a foreign) jurisdiction with the same right to maintain an action which he possessed in the jurisdiction of his appointment. It would be to confer upon him a power and authority which the very court that appointed him expressly denied that he possessed. For it is to be remembered that the court of Iowa, after the commencement by Hutchins of this action in California, revoked his appointment as trustee, and expressly declared that he had no authority whatsoever to maintain suits, and that its attempt to confer upon him such authority was null and void. Since Hutchins, as trustee, was without standing in the courts of this state, and had not the capacity to sue, no substitution of a person with such capacity in his place and stead could avail to give validity to his action. Hubbard, the assignee for the benefit of creditors, after the appointment of Hutchins, the trustee, and after the commencement by Hutchins of his suit, assigned such interest as he had in these notes and securities to Hutchins; and it is argued that Hutchins was entitled to maintain his action by virtue of his ownership of the notes and mort-

gages thus derived. But Hubbard, the receiver, transferred them not to Hutchins as an individual, but Hutchins as trustee. There is no pretension that Hutchins acquired any private ownership in the property, and the action which he brought, which is merely by himself as trustee, negatives any such claim.

Objection is further made that the demurrer upon the ground of plaintiff's lack of capacity to sue should be disregarded, in that it did not specifically state the grounds and reasons for such incapacity. But it is sufficient in passing that question to say that the same objection was made in a different form, upon motion for nonsuit.

The judgments and orders appealed from are therefore reversed.

We concur: Temple, J.; McFarland, J.