McNAMARA v. VANDERPOEL et al.

(Supreme Court, Appellate Term. May 5, 1904.)

1. PROCESS—APPEARANCE—JURISDICTION.

Where a summons was issued against "the estate of J.," not showing whether J. was dead or alive, the appearance for "the defendant" of an attorney who expressly repudiated any appearance for the trustee of J. could not confer jurisdiction to substitute the trustee as defendant or render judgment against him.

2. SAME.

Where a summons issued simply against the "estate of J.," the testimony of a witness that he was a trustee of J. and was there to defend the action was not a voluntary appearance as a defendant, either in an individual or representative capacity.

3. ESTATES OF DECEDENTS—ACTION—EVIDENCE.

Evidence was insufficient to support a judgment against a trustee under the will of J., where it failed to show that J. was dead, or, if dead, that he left a will, or the appointment of a trustee under the will.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jane McNamara against George B. Vanderpoel and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Carl Schurz Petrasch, for appellants.
Marcus Helfand, for respondent.

FREEDMAN, P. J. This action was begun by the issuing of a summons against "the estate of Jacob Vanderpoel." Whether said Vanderpoel was dead or alive does not appear. Service of the summons was made upon the janitor of a house—where is not shown—and it was returned to court without proof that it had ever been served upon anybody. On the return day an attorney appeared for the plaintiff and orally complained against the defendant for work, labor, and services. The return states that an attorney appeared for "the defendant" and denied the complaint and asked for a bill of particulars. The bill of particulars as filed shows that the plaintiff's claim was for personal

injuries alleged to have been received by the "falling of the ceiling of the property of the premises in charge and control of the defendant." Subsequently a trial was had, an attorney again appearing for "the defendant." After the plaintiff had testified that during a visit to the house of her mother a portion of the ceiling of the kitchen, in which the plaintiff was sitting at the time, fell, striking her upon the shoulder and causing the injuries complained of, the plaintiff's counsel called as a witness in behalf of the plaintiff one George B. Vanderpoel, who testified that he was one of the trustees of Jacob Vanderpoel, that he was never served with a summons in the action, but that he knew of the case, and was in court to defend the action. The plaintiff thereupon made a motion to amend the summons, "to make it George B. Vanderpoel, as trustee under the last will and testament of Jacob Vanderpoel." Under objection this motion was allowed, and the plaintiff then rested her case. After the attorney appearing for "the defendant" had moved to dismiss the complaint upon the ground that the plaintiff had not proven facts to establish a cause of action, there being no proof of service of the summons, proof of negligence, nor proof of ownership of the premises, where the injury occurred, by the estate of Vanderpoel, the case was closed, the defendant offered no testimony, and judgment was rendered against "George B. Vanderpoel, as trustee under the last will and testament of Jacob Vanderpoel," for the sum of $147 damages and costs, and from the judgment so entered the trustee above named appeals.

Upon what legal theory the Appellate Court can be asked or expected to sustain a judgment based upon the record herein is incomprehensible. The summons named no defendant therein known to the law, or that could have been made amenable to the service of process. The attorney who appeared in court and answered for "the defendant" expressly repudiated any appearance by him on behalf of the trustees of Jacob Vanderpoel, and his voluntary appearance for the so-called "estate" could not confer jurisdiction upon the court to substitute the trustee as a defendant or to render a judgment against such trustee. The proof by Vanderpoel that he was a trustee and was present to defend this action was not a voluntary appearance by him as a defendant, either as an individual or in a representative capacity, nor was it shown that Jacob Vanderpoel was dead, or, if dead, that he left a will, or that George B. Vanderpoel was appointed a trustee under and by virtue of such will. There was not the slightest testimony in the case tending to show that the premises where the plaintiff received her alleged injuries were ever owned or controlled or had any connection with Jacob Vanderpoel or his estate, and the same defect of proof existed as to George B. Vanderpoel, either as trustee or individually.

Judgment reversed, with costs. All concur.