ALFRED A. OLDS & another *vs.* CITY TRUST, SAFE DEPOSIT
AND SURETY COMPANY OF PHILADELPHIA.

Hampshire.   September 15, 1903. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Estoppel. Bond. Surety. Practice, Civil. Corporation. Judgment,* Of other
State. *Evidence,* Of foreign law, Presumptions.

A surety on a bond to dissolve an attachment by trustee process, on the giving of
which the plaintiff released the alleged trustee who thereupon paid to the defend-
ant a debt in excess of the plaintiff's claim, is estopped when sued on the bond
from setting up that the trustee could not have been held on his answer and that
therefore there was no valid attachment.

It is no defence at law to an action against a surety on a bond to dissolve an attach-
ment, that the plaintiff has not exhausted other remedies before suing the defend-
ant or has failed to realize on collateral security.

Because an agreed statement of facts states that a certain witness testified that
when certain notes matured he was solvent and able to pay them and that he
thereafter became insolvent and unable to pay them, it is not a conclusion of
law that the witness ever was solvent or that anything could have been recov-
ered on the notes at maturity.

The provision, originally enacted in St. 1819, c. 43, and now found in R. L. c. 109,
§ 53, that a corporation after dissolution shall exist for three years for the pur-
pose of prosecuting and defending suits and settling its affairs, does not apply to
corporations organized in other States.

Whether, after the dissolution of a corporation in another State by the laws of which
it was created, a creditor in this Commonwealth has no remedy in equity or oth-
erwise by which he can take advantage of the former corporate existence for the
purpose of availing himself of assets here, *quære.*

From a statement in an agreed statement of facts, that a certain court of general
jurisdiction in another State made a decree purporting to dissolve a certain cor-
poration organized in that State, it is not a necessary inference that the corpo-
ration was dissolved.

In the absence of evidence on the subject there is no presumption that the statutes
of another State are like those of this Commonwealth. Thus there is no pre-
sumption that the statutes of New York give power to any court in New York to
dissolve a corporation.

BARKER, J.   The plaintiffs, Olds and Whipple, on November
11, 1896, brought an action of contract in the Superior Court in
Hampshire County against the Mapes-Reeve Construction Com-
pany, by a writ the *ad damnum* of which was $10,000 and in
which one DeWitt Smith alleged therein to be commorant of
Northampton was named as trustee of the defendant with goods,

effects and credits of the defendant in his hands to that amount. The alleged trustee answered that he was not a citizen or resident of Massachusetts, that he had no place of business therein, and that he had no goods, effects or credits of the defendant in his hands except that the construction company had brought an action against him seeking to establish a certain disputed claim and to establish a lien therefor upon certain real estate belonging to him in Northampton, submitting himself to examination and asking to be discharged and for his costs.

The construction company on January 11, 1897, entered a general appearance and filed an answer denying each and every material allegation in the writ and declaration. This being the situation of the case in court at the October sitting in 1898 the construction company filed a motion alleging that there was an attachment of its property on mesne process in the suit, by the summoning therein of the alleged trustee, to the amount of $10,000, and that the same was excessive, and asking for a reduction of the attachment. At the same sitting, by consent and by order of the court, the attachment was reduced to $4,500. Thereupon, on or about November 16, 1898, the construction company as principal and the City Trust, Safe Deposit and Surety Company of Philadelphia, the defendant in the present suit, as surety, gave to the plaintiffs a joint and several bond for the sum of $4,500, reciting the attachment and stating that the construction company desired to dissolve it according to law. The present action is brought to recover from the surety upon this bond. One condition of the bond, among others not now material, is that if the construction company shall within thirty days after the final judgment in the action in which the attachment was made pay to the plaintiffs the amount if any which they shall recover in the action the obligation of the bond shall be void.

Thereafter the action was referred to an auditor and such other proceedings were had therein that on December 3, 1900, judgment for the plaintiffs was entered therein by consent for $4,354.13 damages and $94.33 costs, and on this judgment execution issued on December 5, 1900. The construction company refusing to pay the judgment demand was made on the surety company to pay it or to satisfy the execution, and on March 1,

1901, this action was brought against it on the bond of November 16, 1898.

The action was heard upon an agreed statement of facts by the Superior Court sitting without a jury in June, 1903, and after a finding for the plaintiffs in the sum of $5,157 damages filed on August 10, 1903, the defendant appealed to this court, a judgment for the plaintiffs upon the finding having been entered in the Superior Court as of August 10, 1903.

1. The first contention of the defendant is that the bond was neither a good statutory bond nor a good common law bond and that therefore it is invalid.

In support of this contention it is urged that there was no attachment, because the alleged trustee answered in such a way as to discharge himself. But his answer was not an absolute denial of funds. It in substance admitted that the construction company contended that he owed it a debt for which it was prosecuting a suit against him in which the company sought to establish a lien for its debt upon his land in Northampton. One of the agreed facts is that when the service was made on the alleged trustee he was indebted to the construction company in a sum greater than the amount of the judgment which the plaintiffs recovered against that company, and that he paid the company his debt after the bond now in suit was filed. When the bond was offered it was still open to the plaintiffs to file interrogatories to the alleged trustee upon all matters stated in his answer, and if he had answered truly it would have appeared that when summoned as trustee he was largely indebted to the construction company. It cannot now be assumed that if compelled to answer interrogatories as an alleged trustee he would not have made statements upon which he would have been charged and the debt due from him to the construction company held and applied under the process to the extinguishment of the plaintiffs' demand. In consequence of the filing of the bond the alleged trustee was subjected to no further proceedings in the suit and the plaintiffs were left to rely wholly on the bond. The short answer to the contention that the bond is invalid is that it having been given under such circumstances it is not open to the defendant when sued upon it to contend that there was no attachment. It was intended to induce the plaintiffs to abandon

their attempt to appropriate to the payment of their demand then in suit a debt owing by the alleged trustee to the construction company, and it did have that result, to the legal detriment of the plaintiffs.   All the elements of an estoppel are present. See *Stiff* v. *Ashton*, 155 Mass. 130.

2. The defendant contends that its position as one of the obligors of the bond was merely that of a guarantor of the solvency of the construction company and of one Reeve who when the bond was given was indorser on promissory notes given by that company to the plaintiff as collateral to the demand on which the suit was being prosecuted.   But the contract entered into by the defendant was an explicit undertaking to pay the plaintiff $4,500 unless the construction company should pay a judgment within thirty days after it might be rendered.   It would be absurd to hold that the surety on a bond given to dissolve an attachment could require the obligee to exhaust any collateral security which he might hold before taking judgment in the suit in which the bond was given.   If, as we do not intimate, such an obligor has any concern with the action of his obligee as to collateral, or as to other remedies which may be open to the obligee as against the defendant whose property is to be freed from the attachment, it can be no more than a right to subrogation on payment of his bond, and in no event can it be more than an equitable defence to a suit upon his bond. The agreed facts show that the notes held as collateral were in existence and maturing when the bond was given, and that they never were renewed.   While the agreed facts state that Reeve testified that when the notes matured he was solvent and able to pay them and that he thereafter became insolvent and unable to pay them, it is not a conclusion of law from that statement that he was ever solvent or that any suit against him on the notes would have brought in money to the plaintiffs.   It is plain that the judge who heard the case on the agreed facts was not bound in law to find for the defendant because of the collateral notes or the plaintiffs' conduct with reference to them.

3. The remaining contention is that the judgment against the construction company was void because that corporation was dissolved before the judgment was entered.   The corporation was one organized under the general laws of the State of New

York.   Upon a petition of its directors for a voluntary dissolution an order was entered in the Supreme Court of New York on November 13, 1899, appointing a receiver, and another order making the appointment permanent and purporting to dissolve the corporation was entered on May 4, 1900.   The only statement in the agreed facts as to the law of New York is that the court could have provided in its decree purporting to dissolve the corporation for the continuance in its name of suits then pending by and against it, and did not so provide.   Neither of these orders was brought to the attention of the Superior Court and no proceedings were taken to enforce them here.

There seems to have been a studied attempt to keep the plaintiffs in this suit and the courts in which this suit was pending in ignorance of the dissolution proceedings.   The original suit against the construction company was sent to an auditor who filed his report in favor of the plaintiffs in May, 1899.   The New York decree purporting to dissolve the construction company was entered on May 4, 1900.   The Massachusetts suit was tried by the court without a jury in June, 1900, and a finding filed in August, 1900.   The plaintiffs took exceptions to the full court which were argued in September, 1900, a rescript was sent down October 18, 1900, and judgment was entered by agreement in December, 1900.

The attorney for the surety company in the present action was attorney for the construction company in the original action.   One Kimber of New York, attorney, assisted in the defence of the construction company in the original action from beginning to end, and is assisting the surety company, in the same capacity in the present action.   This same Kimber presented in November, 1899, the petition in the New York court for the dissolution of the construction company, and it was upon his motion that the dissolution was decreed on May 4, 1900. After this decree and without giving notice of it to the Massachusetts courts, this same Kimber allowed the Massachusetts attorney who had appeared for the defence up to that time to appear for the construction company and to try the case for it before the Superior Court in June, 1900, and then to argue the exceptions for the construction company in September, 1900, and then to agree to a judgment against the construction company in December, 1900.

The plaintiffs contend that the provisions of our statute relating to corporations whose charters have expired or whose corporate existence has been terminated in any other manner, originally enacted in St. 1819, c. 43, and now found in R. L. c. 109, § 53, kept the construction company in existence as a body corporate in Massachusetts for three years from May 4, 1900.

Whether similar statutes should be held to apply to corporations created by any other sovereignty than that by which the statutes are enacted has been more or less discussed and with results which have varied in different jurisdictions.   See *Fitts* v. *National Life Association*, 130 Ala. 413; *Marion Phosphate Co.* v. *Perry*, 74 Fed. Rep. 425 ; *Stetson* v. *City Bank of New Orleans*, 2 Ohio St. 167, and 12 Ohio St. 577; *Life Association of America* v. *Fassett*, 102 Ill. 315; *Rogers* v. *Adriatic Ins. Co.* 148 N. Y. 34; *Hammond* v. *National Life Association*, 69 N. Y. Supp. 585, and 168 N. Y. 262.

We are of the opinion that our own statutes referred to were intended by the Legislature to apply only to our own domestic corporations.

At the same time we are not ready to concede that after the dissolution of a foreign corporation by the sovereignty by which it was created, its creditors in this State cannot in some way by proceedings in equity or otherwise take advantage of the former corporate life through our own courts so far as to avail themselves of assets in this State.

The present case was heard by the lower court upon agreed facts.   Since it was agreed that a decree purporting to dissolve the construction company was entered in the Supreme Court of New York on May 4, 1900, the finding for the plaintiffs implies a finding that the decree of dissolution was void.   The court which entered it was a court of general jurisdiction; but the dissolution of a corporation is a peculiar function which resides primarily in the Legislature and is conferred upon courts only by explicit legislative authority.   *Folger* v. *Columbian Ins. Co.* 99 Mass. 267.   Therefore the decree of dissolution was void unless jurisdiction to enter it had been conferred upon the Supreme Court of New York by some statute law of that State. Therefore it was a question of fact for the lower court in the

present case whether jurisdiction to dissolve the construction company had been given to the New York court by a statute of that State.

The agreed statement of facts does not contain a clause that the court may draw inferences of fact from the facts and evidence stated, and therefore neither the inferior court in the first instance, nor this court upon the appeal had or has the right to found its judgment upon any disputable inference of fact. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538. *Gallagher* v. *Hathaway Manuf. Co*. 169 Mass. 578. Unless upon the facts stated " with the inevitable inferences, or, in other words, such inferences as the law draws from them," jurisdiction to dissolve the corporation appeared, neither the inferior court nor this court can infer such jurisdiction, nor find that the construction company was in fact dissolved. It is not an inevitable inference which the law draws conclusively from the entry of a judgment by a court of general jurisdiction that the court which entered it had jurisdiction of the cause, or to give all the relief which by its decree it purported to give. Nor is there any presumption in Massachusetts that the statutes of New York give power to any court of New York to dissolve a corporation. See *Kelley* v. *Kelley*, 161 Mass. 111, 112. Therefore the precise question is whether it was an inevitable inference from the agreed facts that the New York court had jurisdiction to decree a dissolution of the corporation on May 4, 1900, and then did make a decree not only purporting to dissolve the construction company, but which in law and fact actually then extinguished totally its life.

In our opinion no such inevitable inference is drawn by the law from the facts stated, and therefore neither the lower court nor this court upon the appeal was precluded from finding that the judgment entered against the construction company after the date of the decree purporting to dissolve it was a valid judgment.

*Judgment for the plaintiffs affirmed.*

The case was argued at the bar in September, 1903, before *Knowlton*, C. J., *Morton*, *Barker*, *Hammond*, & *Loring*, JJ., and afterwards was submitted on briefs to all the justices.

*W. G. Bassett*, for the defendant.

*E. H. Hyde*, (of Connecticut,) (*J. B. O'Donnell* with him,) for the plaintiffs.