# ANDREW S. ROBINSON v. NASHVILLE CENTER CO-OPERATIVE CREAMERY ASSOCIATION and Others.[1]

June 16, 1911.

Nos. 17,094—(132).

**Corporation — action to enforce constitutional liability of stockholders — pleading.**

In an action by a judgment creditor of a corporation organized as a creamery association, on behalf of himself and other creditors who should file their claims, brought against the corporation and its members or stockholders to wind up the affairs of the corporation, sequester its property, and for judgment against its members for any deficiency, it is *held* that no cause of action is stated to enforce the constitutional liability of the stockholders under the statute, for the reason that it is not alleged that any stock was ever issued, or that the members were entitled to have it issued to them.

**Action for equitable relief.**

No cause of action is stated for the equitable relief of creating a fund out of which to pay the claims of creditors, for the reason that the liability of the members under the articles of incorporation is a joint and several liability to pay all the indebtedness incurred in building and furnishing the creamery, etc., of the corporation, and the creditors have adequate remedies at law.

**Action upon agreement of incorporators.**

No cause of action is stated for a judgment in favor of plaintiff, based on such agreement of the members, for the reason that the complaint fails to show that plaintiff's judgment was for any part of the indebtedness which the members agreed to pay.

1Reported in 131 N. W. 856.

Action in the district court for Martin county to dissolve defendant corporation, wind up its affairs, sequester and sell for the benefit of the creditors any property owned by the corporation; that all creditors be required to file their claims; that certain settlements be confirmed and judgment entered against all defendant stockholders for any deficiency, and for the appointment of a receiver. From an order, Quinn, J., overruling defendants' demurrer to the complaint, they appealed. Reversed.

*Dean & Palmer*, for appellants.

*French & Sasse, F. A. Mathwig*, and *Paul C. Cooper*, for respondent.

BUNN, J.

This is an appeal by defendants from an order overruling a demurrer to the complaint. We give the substance of the allegations of the complaint as follows:

The Nashville Center Co-operative Creamery Association is a corporation organized under chapter 29, p. 50, Laws 1870. Since January 1, 1896, plaintiff has been a creditor of the association, and in July, 1910, recovered a judgment against it and caused an execution to be issued, which was returned unsatisfied. He brings this action in behalf of himself and all other creditors of the association who may file their claims and be made parties. In August, 1895, plaintiff and the defendants named in paragraph 5 of the complaint organized the association and duly adopted and signed the articles of association and incorporation. The object of the corporation was the manufacture of butter and cheese, the operation of a creamery, cheese factory, and skimming stations, and the sale of its products. The articles provided that the business of the association should be managed by a board of managers, consisting of the president, vice president, secretary and treasurer, and three directors, to be chosen annually by the members, who were styled "stockholders." The amount of capital stock as provided by the articles is $10,000, divided into shares of $10 each, which should be issued by the treasurer to the members as the amounts contributed by them to the sinking fund equaled the par value of a share. Each member was en-

titled to one vote, regardless of the amount of stock held by him, and was to be considered a stockholder from the time he commenced to deliver milk and to contribute to the sinking fund, notwithstanding that a certificate of stock might not have been issued to him. No stock has been in fact issued to members. The articles provided that the board of managers should borrow a sum of money, not to exceed $3,000, to be used by them in building and furnishing a creamery building, that said board of managers might borrow this money on their own responsibility, that they should have the right and power to apply to the payment of said indebtedness all the funds on hand and all of the stock of goods and moneys of the association, and that, after the application of all of the assets of said association to the extinguishment of said debt, then *the stockholders and members of the association should be and were jointly and severally obligated with said individuals for the payment of any balance that might remain due thereon.*

Plaintiff was a member of the first board of managers. The association, relying upon the signature and agreement of the members, erected the creamery building and furnished it with machinery, and erected a skimming station at Bilfry, in Watonwan county, under authority from the stockholders; the defendants named in paragraph 11 signing the articles and becoming members. The cost of erecting and furnishing the creamery and skimming station was defrayed by the borrowing of $4,634.48; the board of managers pledging their individual credit therefor as authorized by the articles. This action was thereafter ratified by the members. In November, 1899, the defendants named in paragraph 17, residing in or near the village of Truman, signed the articles and became members of the association, and the creamery was moved to Truman; the new members agreeing to assume the indebtedness jointly with the old members. An additional indebtedness of $3,000 was incurred to pay for the removal of the creamery to Truman; the board of managers borrowing this sum, as authorized by the members, and pledging their personal credit therefor. The association continued to operate its creamery, but was unable to pay its indebtedness. It is alleged that such indebtedness is the sum of $14,000,

"all of which is in the form of promissory notes signed by a part of or all of the members of the board of managers."

Relief was demanded dissolving the corporation, winding up its affairs, sequestering its property, requiring all creditors to exhibit their claims, entering judgment against all the defendants who are stockholders and members for any deficiency necessary to pay plaintiff and the other creditors, and appointing a receiver.

Does this complaint state a cause of action? We think it is clear that no case is presented for enforcing the constitutional liability of stockholders in a corporation. No stock was ever issued, and there are no allegations in the complaint that any defendant owned any specified amount of stock, or any stock. It is true that the issuance of a certificate is not necessary to constitute a member a stockholder; but the complaint does not show that defendants were entitled to have stock issued to them. Plaintiff practically concedes that he is not proceeding to enforce the statutory liability, or the liability for unpaid subscriptions, but bases his right to relief on the agreement of the members, contained in the articles, that they should be "jointly and severally obligated" with the members of the board of managers to pay any balance that might remain due on the indebtedness incurred by the managers for erecting and furnishing the creamery and stations.

We are unable to hold that this promise creates a liability that can be enforced in a suit brought to marshal assets and create a fund out of which to pay the indebtedness that the members agreed to be obligated to pay. It is a joint and several liability on the part of the members. There is no occasion to determine the amount each is to contribute. Each is liable for the entire indebtedness. Any creditor in the class referred to in the agreement may maintain an action on his own behalf against any or all the members. There is no ground for a suit in equity on behalf of all the creditors against all the members to fix the liability of each and compel each to contribute to a fund with which to satisfy the debts. The creditors have an adequate remedy at law.

It remains to be considered whether the complaint states a cause of action in favor of plaintiff on the agreement of defendants. If

plaintiff is entitled to an individual judgment for the amount of his claim, the demurrer was properly overruled. The question here is whether plaintiff, by the allegations of his complaint, shows that his claim was a part of the indebtedness which the members obligated themselves to pay. He alleges that he has been a creditor of the association since 1896, and that in 1910 he reduced his claim to judgment. But he also alleges that all of the indebtedness of the association incurred for erecting and furnishing the creamery and skimming stations is in the form of notes signed by members of the board of managers. We cannot avoid the conclusion that this allegation shows that plaintiff's claim is not a part of the indebtedness which the members agreed to pay. If all of such indebtedness is in the form of notes signed by the managers, and plaintiff's claim is not in such form, but is a judgment against the corporation, the only inference that can be drawn is that plaintiff has alleged a claim outside of the indebtedness which the members obligated themselves to pay. It follows that the complaint states no cause of action, and that the demurrer should have been sustained.

Order reversed.