## GULLEDGE BROTHERS LUMBER COMPANY v. WENATCHEE LAND COMPANY.[1]

October 27, 1911.

Nos. 17,276—(48).

**Substitution of parties plaintiff — dissolution of corporation.**

Plaintiff, a corporation organized under the laws of the state of Washington, commenced this action to recover damages for the breach of a contract. The corporation was subsequently dissolved by operation of the laws of that state, under which all its property became vested in its trustees, to be administered by them for the benefit of its stockholders and creditors under appropriate court proceedings. After its dissolution, appellants, by an order of the court below, were appointed receivers of the corporation, and they applied to be substituted as parties plaintiff in the action. It is *held* that since, on the dissolution of the corporation, the property thereof became vested in its trustees under the laws of Washington, the action cannot be revived and continued by the receivers. If it can be revived at all, it must be at the instance of the trustees, who succeeded to the property and rights of the corporation.

After the cause was remanded on the former appeal, defendant amended its answer, setting up that under the laws of Washington

[1]Reported in 132 N. W. 992.

plaintiff was deprived of the right to maintain any action in the courts of that state or elsewhere. From an order, Holt, J., denying a motion of W. T. Gulledge and R. E. Gulledge, as receivers of plaintiff corporation, to be substituted as plaintiffs in the action, they appealed. Affirmed.

*Jay W. Crane*, for appellants.

*Arthur W. Selover* and *Brooks & Jamison*, for respondent.

BROWN, J.

This action was brought in 1909 to recover damages for the alleged breach of contract for the sale of certain timber upon lands in the state of Washington. The cause was heretofore before the court upon plaintiff's demurrer to one of the defenses set up in the answer. 111 Minn. 418, 127 N. W. 395, 923. After the cause was remanded on the former appeal, defendant amended its answer, and, among other things, set up the want of capacity of plaintiff to sue, alleging that by the laws of the state of Washington, under which plaintiff was incorporated, it was prohibited from commencing an action in that state by reason of its failure to comply with certain statutory requirements pertaining to corporations of its class. Plaintiff replied by a general denial, but subsequently conceded the truth of defendant's plea in abatement, and applied to the court below for the appointment of a receiver of the corporation, upon the ground that it had been dissolved under authority of the Washington statutes for noncompliance therewith. The application was granted, whereupon the receivers so appointed moved, on notice to defendant, to be substituted as plaintiffs in the action. The motion was denied, and the receivers appealed.

1. It appears from the record that the statutes of the state of Washington impose upon all corporations of the character of plaintiff the payment of annual license fees as a condition to their right to transact business in the state, and, further, that "no corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state without alleging and proving that it has paid its annual license fee last due." It stands admitted by the record that plaintiff was in default in the payment of its

dues as required by this statute, and defendant contends that it was under legal disability in that state, and could not commence or maintain an action therein, and that such disability followed it into this state; that, since it could not lawfully commence an action in the courts of the state of its creation, it could not maintain one in this state; therefore that the commencement of the action in this state was a nullity, and cannot properly be revived by the substitution of parties who lawfully could maintain it. The trial court sustained this point, and we find authorities which on principle support the ruling. Smith v. Andrews, 70 Ga. 708; Walker v. Lansing Railway Co. 144 Mich. 685, 108 N. W. 90; Iowa v. Hoag (Cal.) 62 Pac. 189; Karrick v. Wetmore, 22 App. (D. C.) 487; McNamara v. Vanderpoel (Sup.) 88 N. Y. Supp. 145.

But, without deciding the particular point, we sustain the trial court upon defendant's further contention, far removed from the dilatory character of the ordinary plea in abatement, that the receivers have no title or right to the cause of action involved in the action, and cannot, therefore, be made parties for the purpose of prosecuting the same to judgment.

2. In addition to the statutes already referred to, the Washington statutes further provide that the powers and affairs of all corporations like plaintiff shall be exercised by a board of trustees, to be chosen by the stockholders. The trustees are required to take and subscribe an oath of office before entering upon the discharge of their duties, and have entire control of the affairs of the company. Section 4, c. 19, Laws Ex. Sess. 1909, of that state, provides that for a failure of a corporation to make payment of its annual license fees, and in default of an application for a reinstatement, which is there provided for, the "Secretary of State shall enter upon his records a notation that such corporation is dissolved, and it shall thereupon be dissolved, and the trustees of such corporation shall hold the title to the property of the corporation for the benefit of its stockholders and creditors, to be disposed of under appropriate court proceedings."

There can be no serious question under this statute but that the property of the corporation, immediately upon its dissolution, be-

came vested in the trustees, to be disposed of and administered in the interests of the stockholders and creditors as there directed. Anderson v. Buckley, 126 Ala. 623, 28 South. 729; Weatherly v. Capital City, 115 Ala. 156, 22 South. 140; Hawley v. Bonanza, 61 Wash. 90, 111 Pac. 1073. And their title and rights in the premises cannot be divested or interfered with by the appointment of receivers, except, perhaps, in the courts of that state upon a proper showing of incompetency, dishonesty, or other reason for their removal. Such being the situation and status of the corporate property, no right to any part thereof became vested in the receivers appointed by the court below, and they can have no right to be substituted as parties to the action.

The situation and rights of all parties, stockholders and creditors, as respects the winding up of the affairs of the corporation, are governed by the laws of Washington, and not by the laws of this state. Guilford v. Western Union Tel. Co. 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407; Clark & M. Corp. 2755. Under our statutes the life of a corporation continues for a definite period after dissolution for the purposes of closing its affairs; but under the Washington law the corporation, upon dissolution, ceases to exist for any purpose, and its property and affairs pass to the trustees. Our statutes upon this subject have no application to foreign corporations. Fitts v. National, 130 Ala. 413, 30 South. 374; Olds v. City Trust, 185 Mass. 500, 70 N. E. 1022, 102 Am. St. 356. Therefore the action, if it may be revived at all, must be on the application of the trustees. 19 Cyc. 1350, and cases cited.

The rights of domestic creditors are not involved in the present controversy; and whether receivers might properly be appointed for their protection, by the courts of this state in the situation here presented, is not before us.

Order affirmed.