## KATHERINE RITTLE v. J. L. OWENS MANUFACTURING COMPANY.[1]

### February 16, 1917.

### Nos. 20,073—(212).

**Corporation — appointment of receiver — judgment upon pleadings.**

    1. The allegations of the complaint were sufficient to authorize the appointment of a receiver of a corporation under G. S. 1913, § 6634.

**Corporation — sequestration of effects of foreign corporation.**

    2. The court may, under this section, sequestrate the property within this state of a foreign corporation, and appoint a receiver thereof.

Action in the district court for Hennepin county by plaintiff in behalf of herself and all other creditors of the J. L. Owens Manufacturing Company, a corporation, to sequestrate the property of the corporation and for the appointment of a receiver for the same. Plaintiff's motion upon all the pleadings, files and records, and on the ground that defendant was insolvent and had failed to pay the judgment described in the complaint,

[1]Reported in 161 N. W. 401.

and that an execution thereon had been returned unsatisfied, was granted. From the order, Leary, J., appointing the receiver, defendant appealed. Affirmed.

*Francis B. Hart,* for appellant.

*B. H. Bowler,* for respondent.

BUNN, J.

The complaint in this case alleged that defendant was a corporation organized and existing under the laws of the state of Maine, maintaining its principal office and place of business in Minneapolis; that plaintiff, in September, 1915, recovered in the municipal court of Minneapolis a judgment against defendant in the sum of $449.67, which judgment was in the same month docketed in the district court; that an execution issued on this judgment in December, 1915, was returned wholly unsatisfied in June, 1916, and remained wholly unsatisfied. After alleging on information and belief that defendant has numerous creditors, whose names are unknown to plaintiff and cannot with due diligence be ascertained, and stating that plaintiff brings the action "as a representative of all the creditors of the defendant corporation," judgment is demanded sequestrating "the stock, property, things in action and effects of said corporation," appointing a receiver for the same, and for such other and further relief as may be just and proper. There was an answer to this complaint, and a reply to the answer. Plaintiff moved on the pleadings for the appointment of a receiver. The court made an order appointing M. C. Bowler receiver "of the defendant corporation and of all its property, estate, things in action and effects within the borders of the state of Minnesota or subject to the jurisdiction of the courts of said state." The case is before this court on defendant's appeal from this order.

The action was brought under G. S. 1913, § 6634 (R. L. 1905, § 3173), which provides as follows:

"Upon complaint of a person obtaining judgment against a corporation or his representatives, made after the return unsatisfied of an execution issued thereon, the court may sequestrate the stock, property, things in action, and effects of such corporation, and appoint a receiver of the same."

Counsel for defendant makes two contentions, which may be thus stated:

(1) The allegations of the complaint are not sufficient to authorize the appointment of a receiver under this statute; (2) the statute does not authorize the sequestration of the property within the state of a foreign corporation or the appointment of a receiver thereof.

1. The claimed insufficiencies of the complaint are these: It does not allege that defendant has any property in the state; that it has ever issued any stock; that it is insolvent; that it refused to apply its property in satisfaction of the judgment, or that plaintiff is a resident of Minnesota and secured in regular course a judgment against defendant. We dispose of these claims with the statement that the complaint, though brief, sufficiently alleges all the material facts necessary to the appointment of a receiver under the statute quoted. The claim is made in this connection that the answer and reply disclose that plaintiff might have collected her judgment. The answer alleged that the execution was levied upon stock of the J. L. Owens Company in its possession but belonging to defendant. The reply admitted the levy, but alleged that the J. L. Owens Company returned that the stock levied upon was held by it as security for a debt due from defendant, and that it afterwards foreclosed its lien and purchased the stock at the foreclosure sale. We are unable to say that these facts show that plaintiff had an adequate remedy by attacking the claimed lien of the J. L. Owens Company.

2. There is no difficulty in holding that the statute authorizes the sequestration of the property within the state of a foreign corporation, and the appointment of a receiver of such property. In fact we have so held. Randall Printing Co. v. Sanitas Mineral Water Co. 120 Minn. 268, 139 N. W. 606, 43 L. R. A. (N. S.) 706. In Blake v. McClung, 172 U. S. 239, 19 Sup. Ct. 165, 43 L. ed. 432, the court said:

"Beyond question, a state may through judicial proceedings, take possession of the assets of an insolvent foreign corporation within its limits, and distribute such assets or their proceeds among creditors according to their respective rights." This was said of the inherent power of a court of equity. The statute of this state quoted above applies by its terms to corporations, and is not limited to those organized under the laws of this state. The argument that the statute as it read prior to the 1905

revision applied only to corporations organized under the laws of this state, and that the legislature had no intention to change the law, is without persuasive force. They did change it, and in so doing violated no constitutional requirement, and did nothing but announce the law as it would be without the statute. There is nothing in Gulledge Brothers Lumber Co. v. Wenatchee Land Co. 115 Minn. 491, 132 N. W. 992, or Robinson v. Nashville Center Co-op. Creamery Assn. 115 Minn. 43, 131 N. W. 856, that supports defendant's claim that the court had no right to appoint a receiver of the property and effects of defendant within this state.

Order affirmed.