## NEW AMSTERDAM CAS. CO. v. TOWN OF WEYMOUTH.

Civ. No. 5177.

United States District Court,
D. Massachusetts.

May 14, 1951.

Charles W. Bartlett and Ely, Bartlett, Thompson & Brown, Boston, Mass., for plaintiff.

Daniel L. O'Donnell, South Weymouth, Mass., for defendant.

FORD, District Judge.

New Amsterdam Casualty Company, a New York corporation, brings this action against the town of Weymouth, Massachusetts, for a declaratory judgment as to liability on a bond. Plaintiff, as surety, executed and delivered this bond on April 24, 1950, in the sum of $99,311, as a performance bond in connection with a contract between the defendant town and Angelo Grande and Nickolas Scioletti (together designated as the Contractor) for certain sewer construction to be done by the Contractor for the town.

The complaint alleges, in substance, that after performance of the contract was begun, the town wrongfully withheld sums due to the Contractor, that as a result the Contractor was unable to carry out the work as rapidly as the contract required, and that the town, on or about July 12, 1950, notified the Contractor to discontinue the work. It further states that the town refused before this time to permit sub-contract of part of the work to another contractor obtained by plaintiff, that after the discontinuance the plaintiff obtained another competent contractor to finish the work, but that the town imposed arbitrary and unreasonable conditions which caused this contractor to withdraw his offer. It also alleges that the town thereafter employed another contractor of its own selection who finished the work at a price far in excess both of the original contract price and the price at which it could have been done by the contractor obtained by plaintiff.

■ Plaintiff seeks a declaration that the Contractor is not liable to the town on the contract, that the plaintiff is not liable to the town on the bond, and asks that the town be restrained from instituting any action against said plaintiff on the bond. (It appears that since the filing of the complaint here, the town has brought suit against both the Contractor and the New Amsterdam Casualty Company in the state courts.)[1] Defendant town moves to dismiss this action on the ground the complaint fails to state a proper claim for declaratory relief, that this court does not have jurisdiction of all parties necessary for a proper determination of this claim and cannot give a full and complete remedy in this action.

The basic contention of defendant is that the Contractor is an indispensable party to the present action and should be joined in this action before it can be properly determined; but that if Grande and Scioletti were joined as defendants, they would have to be realigned as parties plaintiff, since their interests are adverse to those of the town; and that since Grande and Scioletti are both residents of Massachusetts, the requisite diversity of citizenship would no longer exist and the court would not have jurisdiction.

■ Any determination at the present stage of the case as to whether if Grande and Scioletti were joined, they should properly be aligned as plaintiffs or defendants would involve the court in speculation as to what position they might take on the issues of this case which involve them. That question need not be passed upon, however, since they are not indispensable parties to the present action, and hence need not be joined as parties if such joinder would defeat the jurisdiction of this court. Rule 19(b), Fed.Rules Civ.Proc., 28 U.S.C.A. Under Massachusetts law the principal debtor on a bond is not a necessary party to an action between the surety and the obligee of the bond. Olds v. City Trust, Safe Deposit & Surety Co., 185 Mass. 500, 70 N.E. 1022; Allen v. Woodard, 125 Mass. 400. The same rule has been applied in many cases in the federal courts. Greenleaf v. Safeway Trails, Inc., 2 Cir., 140 F. 2d 889; McAlister v. Fidelity & Deposit Co. of Maryland, D.C., 37 F.Supp. 956;

1. It is true that all the issues to be passed upon in the present suit are present in the state court but the fact remains that this should not be a factor with respect to the exercise of the court's discretion here because of the fact it postdated the present action. Cf. Indemnity Ins. Co. of North America v. Kellas, D.C., 80 F. Supp. 497, 499, affirmed, 1 Cir., 173 F. 2d 120.

American Surety Co. of New York v. Marshall, D.C., 29 F.Supp. 946; County of Platte v. New Amsterdam Casualty Co., D.C., 6 F.R.D. 475.

It is true that it may be necessary in the present action to pass on the question of whether or not the Contractor is liable to the town of Weymouth, since, unless it is liable, then the plaintiff surety company is not. But such a determination would not be binding upon the Contractor who is not a party. Rule 19(b), F.R.Civ.P. The Contractor is a proper party in the sense that unless the Contractor is joined, all the rights and liabilities of all those interested in the transaction on which this action is based cannot be determined in a single proceeding. Indispensable parties have been defined as those "who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. The Contractor here is not indispensable, for the rights and liabilities as between plaintiff and defendant here can be determined without affecting the rights and liabilities between the Contractor and the defendant town. Moreover, it should be noted that the plaintiff here relies not only on a claim that the Contractor is not liable, but also on the ground that the conduct of the town, subsequent to the discontinuance of the work by the original Contractor, was such as to discharge the surety even though the original Contractor may be liable. Thus it is possible that this action will be determined favorably to the plaintiff on the latter ground, without any necessity of passing on the liability of the Contractor.

There is, therefore, a genuine controversy between the plaintiff and defendant as to their respective rights and liabilities under the performance bond in question. As between plaintiff and defendant here, this controversy can be fully settled in the present action. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Kentucky, 6 Cir., 178 F.2d 570; Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443.

Motion to dismiss is denied.