COMMONWEALTH *vs.* THE STUYVESANT INSURANCE COMPANY (and two companion cases). June 29, 1979. 1. The allegations in the affidavits of the defendant's agent to the effect that the defendants in the three underlying criminal cases may have been defaulted improperly due to insufficiency of notice were "made on information and belief, as opposed to personal knowledge, [and thus] are to be disregarded in considering a motion for summary judgment." *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.,* 369 Mass. 968 (1976). See *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763 n.12 (1976). 2. The contention that the courts' removal of prior defaults by the defendant's principals in two of the cases, coupled with releases of the principals without notice to the defendant, had the effect of discharging the defendant as surety, was decided adversely to the defendant in *Commonwealth* v. *Stuyvesant Ins. Co.,* 366 Mass. 611, 617-618, & nn.8, 9 (1975). 3. Nothing in our statutes or in the case last cited requires that a surety be notified whenever its principal is required to appear in court. 4. The defendants in the underlying criminal cases were not indispensable parties to the present actions by the Commonwealth against the surety. *New Amsterdam Cas. Co.* v. *Weymouth,* 97 F. Supp. 565, 566 (D. Mass. 1951).

*Judgments affirmed.*

*Jeffrey M. Smith* for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.