FORD & ISBELL LUMBER COMPANY, APPELLANT, v. H. F. CADY LUMBER COMPANY, APPELLEE.

FILED JUNE 16, 1913. No. 17,293.

1. **Pleading:** ANSWER: JOINDER OF DEFENSES. A defendant may plead in his answer as many defenses as he has, whether legal or equitable, or both. Such defenses must be consistent. They are consistent unless one of them cannot be proved without disproving the other.

2. ———: ———: ———. The petition alleged that "the defendant (a corporation) through J. F. Gresly & Co., brokers, ordered in writing of the plaintiff" certain property, describing it, and setting out the written contract in full, signed by G. & Co., and not purporting to be signed or authorized by defendant. The answer was in substance a general denial, with the allegation that the plaintiff did not ship the property "within a reasonable time after it alleged it received said order from" G. & Co. *Held,* That these defenses were not inconsistent, and did not amount to an admission that G. & Co. were authorized by defendant to make the contract for it.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*W. D. McHugh* and *W. H. Herdman,* for appellant.

*De Bord, Fradenburg & Van Orsdel, contra.*

SEDGWICK, J.

This cause was determined in the district court for Douglas county upon a demurrer to the plaintiff's peti-

tion.   The district court sustained the demurrer, and, plaintiff refusing to plead further, judgment was entered for defendant, and plaintiff has appealed.

The parties have discussed numerous points of practice in an interesting way, but it is necessary, in our view of the law, to discuss but one of the points presented.   The action was begun in county court, and it was a term case under the statute.   In such case the rules of pleading are the same in the county court as in the district court.   The original petition alleged that "the defendant through J. F. Gresly & Company, brokers, ordered in writing of the plaintiff five cars of lumber, said order being in words and figures following:"   Then follows an order for the shipment of the lumber by plaintiff to the defendant, the terms being sufficiently definite, signed, "J. F. Gresly & Co."   It is then alleged that the defendant refused to receive the lumber, and plaintiff was damaged in the sum of $292.12.

It seems to be conceded that this petition was insufficient because it fails to allege that Gresly & Company had authority to make such a contract for the defendant. The defendant answered by general demurrer, a general denial, and "that the alleged contract is within the statute of frauds and void."   During the progress of the trial in county court the defendant amended the answer by adding the following:   "Defendant shows that independent of, and without waiving, the foregoing defenses, plaintiff cannot recover, for said plaintiff did not ship said lumber within a reasonable time after it alleged it received said order from J. F. Gresly & Company, brokers, nor did this defendant have any knowledge that the said plaintiff or any one else claimed that defendant had ordered said cars of lumber on September 25th, 1908; that, had defendant known that any such claim existed, it would have canceled such alleged orders, and defendant shows that the said plaintiff did not ship said lumber within a reasonable time after September 25th, 1908, nor until after lumber had greatly deteriorated in market value, nor did the plaintiff exercise good faith in said matter."   The defend-

ant afterwards, and before the cause was submitted, asked to withdraw this amendment, but the county court refused permission to do so.

Upon appeal to the district court, the plaintiff filed a petition in the exact words of the original petition in the county court. The defendant demurred to this petition, and the court sustained the demurrer. The plaintiff then amended its petition by adding the allegation that the defendant amended its answer in the county court and attaching to the petition, as an exhibit, the said amendment, which is above quoted in full. The defendant moved to strike out this amendment, on the ground that it was surplusage and redundant. The court sustained the motion and struck out the amendment. The plaintiff then filed a petition, being the same as its original petition. The defendant again demurred to the petition. The plaintiff moved the court to strike out the demurrer, which motion was overruled, and the demurrer was then sustained, and, the plaintiff electing not to plead further, the court entered judgment dismissing the plaintiff's case. Of course, the county court should have allowed the defendant to amend its answer on suitable terms.

The principal one of these fine points of practice raised by the contending counsel is as to the construction and effect of the amendment to the answer which was filed in the county court. It is contended by the plaintiff that the allegations of this amendment are inconsistent with the general denial in the answer and amount to an admission that the alleged contract was a valid contract between the parties.

In our code practice a defendant may plead as many defenses as he has, whether legal or equitable, or both. The plea of the statute of frauds does not seem to be strictly applicable. The contract was in writing; it was not the contract of this defendant, but the general denial raised this issue, so that the question is, whether the amendment made in the county court is inconsistent with a general denial. Defenses "are not inconsistent unless the

proof of one necessarily disproves the other." *Blodgett v. McMurtry,* 39 Neb. 210.

Would proof that plaintiff did not ship the lumber "within a reasonable time after it alleged it received said order from J. F. Gresly & Company" necessarily prove that Gresly & Company were duly authorized to make the contract for the defendant? An allegation "if Gresly & Company were authorized and the defendant is bound by the contract the plaintiff did not ship," etc., would be an admission of the binding force of the contract under the decision in *Nason v. Nason,* 79 Neb. 582, and other cases. It seems to us that the allegations of the amended answer in the county court in this case amount to this: "Gresly & Company had no authority to make the contract you have sued upon, and you virtually admitted it and failed to ship the lumber to us according to the terms of the contract which Gresly & Company made." Some of the early cases in this court go to a great extent in excluding defenses on the ground of inconsistency. We are not inclined to press further in that direction. "Defenses are inconsistent only when one, in fact, contradicts the other, and has nothing to do with a seeming and logical inconsistency, which arises merely from a denial and a plea in confession and avoidance. Such a plea may sometimes be properly made in connection with a denial, as it may be true, in fact, that one never assumed the obligation sued on, and was an infant, or a *feme covert,* at the time it was claimed to have been assumed." Bliss, Code Pleading (3d ed.) sec. 343. And so it is not inconsistent to allege that Gresly & Company were not authorized to make any contract for defendant, and that the plaintiff has not complied with the unauthorized contract which they assumed to make. The plaintiff should allege and prove that it had substantially complied with the contract on its part, including the shipment of the lumber within a reasonable time. And such allegation and proof could be negatived under a general denial. The amendment to plaintiff's petition in the district court, therefore, setting up the amendment

that defendant had made to its answer in the county court, added nothing to the petition, and the order of the court striking it from the petition was not prejudicial to the plaintiff. The petition failed to state a cause of action with or without this amendment, and the court did not err in sustaining a demurrer thereto.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.