MARY MAIER ET AL., APPELLEES, V. FRANCES ROMATZKI ET AL., APPELLEES; FRANK ROMATZKI, APPELLANT.

FILED JANUARY 7, 1914. No. 17,507.

1. **Pleading:** INCONSISTENT ALLEGATIONS. In an action to cancel a deed, it is not inconsistent to allege that the deed is void because of the incompetency of the grantor and because of undue influence, and also allege that there was an oral agreement between the parties that the deed should be executed.

2. ———: ———. A deed may be executed by the grantor and not be delivered, and an allegation that a deed was executed and not delivered is not inconsistent with itself.

3. ———: DEFENSES: CONSISTENCY. A defendant may plead as many defenses as he has, whether they are legal or equitable, or both, and they are not inconsistent, unless the proving of the one defense would necessarily disprove the other.

4. **Deeds:** CANCELATION: EVIDENCE. The evidence indicated in the opinion is *held* sufficient to justify the decree.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Affirmed.*

*W. S. Morlan,* for appellant.

*Lambe & Butler* and *L. H. Cheney, contra.*

SEDGWICK, J.

Julia Deggering died in 1909, and left three children and heirs surviving her, these plaintiffs, Mary Maier and John Mahaski, and the defendant, Frances Romatzki. An alleged will was presented for probate, but was disallowed. In October, 1908, the deceased executed a deed conveying a quarter section of land in Frontier county to the defendant, Frank Romatzki, who is and was then the husband of the defendant Frances Romatzki. Afterwards these plaintiffs began this action in the district court for Frontier county to set aside the said conveyance.

In the petition it is first alleged that the defendant Frank Romatzki "exercised a great control" over the mind of the deceased, and represented to her that the said land "did not have a value to exceed $3,000 or $3,500," when in fact the land was worth $4,500; that the deceased was not versed in business matters, and did not know the value of the land, but relied upon the said representation; that the defendant never paid anything for the land; that it was orally agreed between the deceased and Frank "that she was to deposit a deed for the said land in the bank at Eustis"; and "the said Julia Deggering did in fact, on or about the 3d day of October, 1908, execute such purported deed of conveyance, a copy of which purported deed is hereto attached, marked 'Exhibit A.' Said deed was not delivered to Frank Romatzki, and no title was intended to be passed."

The petition then alleges that the deceased, when the deed was signed, was "not of sound mind, memory and understanding, was suffering from periodical insanity, and by reason of old age, ill health, and the undue and unnatural influence of said Frank Romatzki was not possessed of sufficient mental capacity to transact business, not mentally competent to execute said deed and comprehend the nature and effect thereof, and the said deed was not her voluntary act and deed;" that the deed was signed by her "by reason of the improper and undue influence exercised upon her by said Frank Romatzki."

The defendant demurred to this petition on several grounds, and now insists upon one of them as follows: "Said amended petition does not state facts sufficient to constitute a cause of action." It is insisted that the several causes of action set up in the petition are inconsistent; that the allegation that the deed was made pursuant to an agreement and was executed by the deceased is "flatly contradictory" to the allegation that the deed was void, *ab initio,* for want of mental capacity and for undue influence and fraud. It is argued that the allegation that the deceased "executed" the deed is inconsistent with the allegation that it was never delivered, because the execution of a deed implies a delivery.

It is not inconsistent to allege that the deed was void because of the incapacity of the grantor, or undue influence, and at the same time allege that there was an agreement between the parties that the deed should be executed. An agreement fully executed, even if consummated by a delivery of the deed, may be voidable for want of capacity of the grantor, or because of undue influence in procuring the contract. The allegation that the deed was executed might under such circumstances imply that it was also delivered. If one agrees for a sufficient consideration to execute a deed, and the consideration is paid, he will be required to complete the conveyance. Under such circumstances the agreement to execute the deed would include delivery. It is equally clear that a deed may be executed and not be delivered, and the allegation in this case is that she executed the deed, and in the same connection that it was not delivered and no title was intended to be passed. A defendant may plead as many defenses as he has, whether they are legal or equitable, or both, and they are not inconsistent, unless the proving of the one defense would necessarily disprove the other. We think that the petition stated a cause of action.

The defendant, in answer, admitted the execution of the deed, and that he filed the deed for record, and denied the other allegations of the petition. He then alleged that he purchased the land from the deceased, and received the

Maier v. Romatzki.

deed in good faith, and is now the owner of the land in fee simple. Upon the trial it appeared that, in the hearing in the county court upon the attempted probate of the will, the defendant testified that he paid her $3,500 for the land, and that he paid it in the presence of Mr. Ewart, the president of the bank where the business was done. Upon the trial of this case in the district court, the defendant, so far as appears from the abstract, did not testify, and Mr. Ewart testified that he did not "know that Romatzki ever paid anything for this deed," and that the defendant gave her no check. He showed that the defendant had a deposit and check account in his bank during that time. This account shows that he drew several small checks during September, October, November, and December of that year, but no check of any considerable amount until the 31st day of December, when he drew a check for $1,000. Under this evidence it must be found that the defendant Frank Romatzki procured this deed upon some sort of misrepresentation, and paid nothing of any importance, unless the check drawn some two months later for $1,000 was used for that purpose. The trial court found that the defendant had paid $1,000, and made that amount the first lien upon the land in the defendant's favor. This is certainly all that the defendant was entitled to under this evidence. The defendant does not allege nor attempt to prove that the deed was intended as a gift, and fails to show that he has paid for the land, or has ever agreed to pay therefor.

The judgment of the district court is right, and is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.