## NEW YORK LIFE INS. CO. v. STONER.
### No. 10885.

Circuit Court of Appeals, Eighth Circuit.
Nov. 29, 1937.

William H. Becker and Lee-Carl Overstreet, both of Columbia, Mo. (Boyle G. Clark, of Columbia, Mo., and Louis H. Cooke, of New York City, on the brief), for appellant.

R. E. Culver, Benjamin Phillip, Basil Kaufmann, and Francis Smith, all of St. Joseph, Mo., for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order sustaining a motion to dismiss appellant's bill of complaint for want of equity. Appellant insurance company, by its amended bill of complaint, sought an injunction restraining appellee from prosecuting three certain actions then pending in the state courts and from instituting further actions based on four policies of disability insurance issued by appellant to the appellee. The equitable jurisdiction of the court was invoked on the ground of multiplicity of actions.

It appears from the allegations of the amended bill of complaint that appellant, plaintiff below, is an insurance corporation and that it had issued four disability insurance policies to appellee, each of which contained provisions for monthly income benefits for total and permanent disability.

We shall refer to the parties as they appeared below.

On June 29, 1931, defendant accidently sustained injuries to his ankle which totally disabled him immediately following the injury. Plaintiff made the monthly payments stipulated in the policies to de-

fendant to September 29, 1933, but prior to that date defendant so recovered from his injury that he has not since then been totally disabled, and plaintiff refused to make further payments of income benefits. Defendant, on April 4, 1934, commenced an action in the state circuit court of Buchanan county, Mo., to recover monthly disability income benefits for the period from September 29, 1933, to March 29, 1934. The petition in that action contained four counts based respectively on one of the four policies of insurance. Trial was had, resulting in a judgment in favor of the insurance company. The judgment, however, was reversed by the Kansas City Court of Appeals (90 S.W.2d 784) on January 6, 1936, and the cause was remanded for a new trial. The insurance company then filed a petition for removal of the action to the United States District Court. On motion the cause was remanded, but, because of a change of venue granted on motion of the insurance company, the cause did not become triable at the then pending term of court. Defendant then commenced a second action in the state circuit court of Platte county, Mo., in June, 1936. This action was based upon two of the four policies of insurance and sought recovery for the period from April 29, 1934, to May 29, 1936, and was triable at the September, 1936, term of the court, commencing September 14, 1936. At the request of the defendant, plaintiff in that action, the court set the cause for trial September 17, 1936, but a change of venue was obtained by the insurance company to Davies county, where the cause was triable the third Monday in October, 1936. A third action was commenced by defendant in June, 1936, in the circuit court of Buchanan county, based upon the other two policies not involved in the Platte county action, to recover monthly disability benefits accruing between April 29, 1934, and May 29, 1936, which action was triable at the October, 1936, term.

The instant suit was commenced in the lower court September 15, 1936, and the amended bill was filed November 4, 1936. The complaint contains appropriate allegations to the effect that the defendant, in commencing the three above-noted actions at law, acted vexatiously to harass the plaintiff. It is also alleged that plaintiff "believes and therefore alleges, that the defendant Lewis K. Stoner will from time to time file numerous other actions in va-rious counties of the State for the pur-pose of harassing and annoying plaintiff and causing exorbitant expense in the de-fense of his claim." It is further alleged that the defendant is unwilling to abide the result of the trial of the original action filed in the circuit court of Buchanan county in 1934 as controlling his right to income payments involved in the other actions filed by him, and is unwilling to abide the result of the trial of any one of the actions as binding upon him, and that he is unwilling to await the orderly determination of the right of the plaintiff to a removal of the cause originally commenced in the circuit court of Buchanan county.

The first action, commenced in Buchanan county, sought to recover $1,150; the second action in Buchanan county sought to recover $1,560, and the third action, the one in Platte county, sought to recover $1,690, all exclusive of interest and costs.

The motion to dismiss was sustained by the lower court on the ground that the plaintiff was not in a legal sense harassed by a multiplicity of actions.

The question presented below, as here, is whether, because of the multiplicity of actions brought by the defendant, plaintiff is without an adequate remedy at law.

The policy provisions regarding monthly disability payments obligate the plaintiff to pay defendant the stipulated monthly sum "upon receipt of due proof that the insured has become and is totally and presumably permanently disabled." Disability was to be considered total whenever the insured become so disabled by bodily injury or disease that he was wholly prevented from performing any work, following any occupation, or from engaging in any business for remuneration or profit. If the insured became totally disabled as defined, and the proof submitted was not conclusive as to permanence of the disability, but established that the insured, for a period of not less than three consecutive months immediately preceding receipt of proof of loss, had been totally disabled, income payments would be made. The insurance company might demand due proof of total disability before making any income payment or waiving any premium. If there were failure to furnish such proof, or if the insured performed any work, followed any occupation, or engaged in any business for remuneration or profit, no further income payments should be made.

848

The first action brought by the defendant involved only the question of disability from September 29, 1933, to March 29, 1934. It was based upon all four of the policies. None of the other actions sought to recover on any of the policies for this period. A verdict and judgment in favor of the insured in that action would not be res judicata in either of the later actions on the question of total disability. U. S. Fidelity & Guaranty Co. v. McCarthy (C.C.A.8) 33 F.2d 7, 13, 70 A. L.R. 1447. In the McCarthy Case we said: "A person may be disabled today, and in a year from now, without any change in the physical condition, not be disabled. A one-handed man may not be able to perform surgery to-day, and in a year from to-day may have overcome to some extent his disability and be able to perform some part of the substantial duties of a surgeon. If appellee's hand remains in the same condition for the years to come, it might be that he could do some surgical work, and it might be he could not. That is a question of fact to be determined for the period for which he seeks to recover indemnity. That his hand remains in the same condition is not conclusive that his disability also continues."

We there held that a judgment in favor of the insured for one period of time did not bind the insurance company in an action for disability benefits for a subsequent period. As the insurance company will not be bound as to future actions by a judgment for the insured in the first action, additional actions brought by the insured cannot be said to be vexatious or in bad faith. To entitle plaintiff 'to maintain its suit in the nature of a bill of peace, there must be involved an identity of issues. The actions, the multiplicity of which plaintiff seeks to enjoin, must all be based upon like facts and depend upon the same questions of law so that the decision of one will be practically determinative of all. Chicago & N. W. Ry. Co. v. Bauman (C.C.A.8) 69 F.2d 171; Pomeroy's Equity Jurisprudence (4th Ed.) § 245. The first action may therefore be disregarded.

The two actions later commenced involve different contracts; but the policy provisions are identical and there is such similarity of facts and legal questions involved as to these two actions that the inquiry narrows itself down to whether the bringing of these two actions can be said to inflict upon plaintiff such a vexatious multiplicity of actions as to justify invoking the jurisdiction of a court of equity. The recent case of Di Giovanni v. Camden Fire Insurance Association, 296 U. S. 64, 56 S.Ct. 1, 4, 80 L.Ed. 47, furnishes, we think, a conclusive negative answer to this inquiry. It is there said: "Avoidance of the burden of numerous suits at law between the same or different parties, where the issues are substantially the same, is a recognized ground for equitable relief in the federal courts. * * * But the award of this remedy, as of other forms of equitable relief, is not controlled by rigid rules rigidly adhered to regardless of the end to be attained and the consequences of granting the relief sought. It rests in the sound discretion of a court of equity, and a theoretical inadequacy of the legal remedy may be outweighed by other considerations. * * * The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it. * * * We think the threatened injury to respondent is of too slight moment to justify a federal court of equity, in the exercise of its discretion, in according a remedy which would entail denial of a jury trial to the petitioners and withdraw from the jurisdiction of the state courts suits which could not otherwise be brought into the federal courts."

In the Di Giovanni Case it was alleged that the defendant threatened not only to annoy but to defraud, and there were there involved, as in the instant case, two actions at law.

The plaintiff, recognizing the doctrine of the Di Giovanni Case, seeks to avoid its effect by alleging in its bill of complaint that the defendant commenced the last two actions in June, 1936, "for the purpose of vexing and embarrassing the plaintiff and causing the plaintiff annoyance and exorbitant expense in the defense of said claim"; that the defendant would from time to time file numerous other actions in various counties of the state; that the defendant was unwilling to await the orderly determination of the right of the plaintiff to removal of the cause first commenced in the circuit court of Buchanan county; that the defendant "is unwilling to abide the result of the trial of the original action filed in the Circuit Court of Buchanan County in 1934, as controlling his right to income payments involved in

other actions filed by him; that defendant is unwilling to abide the result of the trial of any one of the actions as binding upon him." It does not seem to us that this avoids the effect of the Di Giovanni Case. We have held in the McCarthy Case that the insurance company should not be bound by a determination of disability in one action as to subsequent periods, and a refusal of the insured to abide the result of the trial of the original action, especially in the absence of any allegation that the insurance company was willing to abide the result of such trial and of any allegation to the effect that it had ever offered so to do, should not brand his conduct as vexatious or in bad faith. Plaintiff, in seeking the aid of a court of equity, must show that it has itself done equity or must offer so to do.

After the first action brought by the defendant had been once tried in the state court and appealed to the Kansas City Court of Appeals (90 S.W.2d 784) and there reversed and remanded for a new trial, plaintiff filed its petition for removal to the federal court. The amount involved was less than $3,000, and the cause was manifestly not removable; in fact, the proceeding attempting to remove it was frivolous. The fact, therefore, that defendant pressed his case for trial in the state court pending plaintiff's frivolous attempt to remove certainly adds nothing to plaintiff's standing in a court of equity.

The other allegations to the effect that defendant will from time to time file numerous actions in other counties of the state, and that he is not willing to abide the result of the trial of any one of the actions as binding upon him, are in the nature of conclusions or prophecies. They are statements of a purpose that may or may not be present, and the motion to dismiss admits only matters of fact well pleaded, and not conclusions of law nor mere pretenses and suggestions, nor does it admit the correctness of the asserted purpose. Dillon v. Barnard, 21 Wall. 430, 22 L.Ed. 673; Taylor v. Holmes (C.C.) 14 F. 498. .

There is no danger that the insurance company will be subjected to a double liability by the actions pending or threatened. If we may consider balancing conveniences, there would seem to be no great advantage in trying one case in the federal court, rather than two in the state courts. The granting of equitable relief would deprive defendant of the right to a jury trial, which should not be done without very substantial reasons therefor. It is the policy of our law that controversies involving less than $3,000 should be determined by the state courts.

We conclude that the lower court exercised a sound judicial discretion in refusing to assume equitable jurisdiction and in dismissing plaintiff's bill of complaint. The order appealed from is therefore affirmed.