EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. WERT.

No. 11191.

Circuit Court of Appeals, Eighth Circuit.

March 1, 1939.

WOODROUGH, Circuit Judge, dissenting.

David A. Fitch, of Omaha, Neb. (Norris Brown, Ralph M. West, and Robert A. Fitch, all of Omaha, Neb., on the brief), for appellant.

Maxwell V. Beghtol, of Lincoln, Neb. (Glen H. Foe and J. Lee Rankin, both of Lincoln, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The Equitable Life Assurance Society of the United States, as plaintiff, brought this suit in equity against Bernice L. Wert, as defendant, to determine the rights of the parties with respect to thirteen policies of insurance and to enjoin her from prosecuting six cases in a state court of Nebraska involving eight of these policies. From a decree denying a temporary injunction, the plaintiff has appealed.

The application for the temporary injunction was submitted upon the plaintiff's petition and supplemental petition and an affidavit of its counsel, which disclosed the following facts:

The plaintiff is a citizen of New York, and the defendant is a citizen of Nebraska. The amount in controversy exceeds $3,000. On November 30, 1927, the plaintiff issued to the defendant three retirement annuity policies which, for convenience, will be referred to as policies 1, 2 and 3. On June 19, 1928, the plaintiff issued to the defendant five similar policies, which will be referred to as policies 4, 5, 6, 7 and 8. On August 1, 1932, the plaintiff issued to the defendant three similar policies, which will be referred to as policies 9, 10 and 11. On July 5, 1933, the plaintiff, at the defendant's request, divided policy 9, issuing a new policy 9 for one-half of the amount of the original policy, and another policy —which will be referred to as policy 12— for an equal amount. None of the policies above referred to exceeded in face value $2,000.

After the issuance of policies 1 to 8, the defendant from time to time made applications to the plaintiff for loans on these policies. The loans were made. In making them the plaintiff discounted interest thereon to the next annual premium date. Separate vouchers were made out to the defendant in each instance for the net

amount of the loan. Each voucher was endorsed by the defendant and was used either to pay a premium on a retirement annuity policy issued by the plaintiff to Julia M. Wert, a sister of the defendant, in which the defendant was designated as beneficiary, or to pay the premiums due on policies 9, 10, 11 and 12.[1] In March, 1933, Julia M. Wert, the sister of the defendant, died. Since her death, the defendant has been receiving from the plaintiff $15.12 monthly under the policy issued by it to the deceased. This policy was kept in force by virtue of the proceeds of some of the loans above referred to. On July 25, 1933, the defendant, in writing, requested that the plaintiff treat policies 4, 5, 6, 7 and 8 as surrendered for their cash value, that the premiums paid on policies 4, 5, 6 and 7 be allocated to policy 12, and that the premiums paid on policy 8 be transferred to policy 11. These requests were complied with by the plaintiff.

About July 14, 1937, the defendant commenced five separate actions against the plaintiff and its agent Charles E. Reilly in the District Court of Lancaster County, Nebraska, on policies 4, 5, 6, 7 and 8, for total damages of $6,493.93 (and a reasonable attorney's fee) resulting from their wrongful conduct described in each complaint in the following language: "That the defendant Charles E. Reilly together with the defendant The Equitable Life Assurance Society of the United States, a corporation, on or about the 18th day of May, 1932 entered into a wrongful and fraudulent plan and scheme, without the consent or knowledge of this plaintiff, the purpose of which plan and scheme was to fraudulently make loans upon said contracts of insurance held by this plaintiff for the benefit and use of the said defendants and ultimately by said loans and by cancellation acquire from said plaintiff all of the value from said contracts of insurance; * * *." At or about the same time, the defendant commenced a sixth action in the same court against the same defendants, but in equity, for the cancellation of encumbrances on policies 1, 2 and 3, upon the same ground as was alleged in the five actions at law.

The plaintiff alleges in its petition: (1) That if the defendant should prevail in her actions brought in the state court, it is entitled (a) to have policies 9, 10, 11 and 12 cancelled, since such policies would in that event have been obtained by the defendant without any cost to her, and (b) to have the court determine the rights of the parties under the Julia M. Wert policy and to have an accounting in connection therewith, since that policy was kept in force by the loans procured by the defendant on the policies sued upon in the state court; (2) that, since these defenses are equitable in nature and cannot be asserted in the five actions at law brought by the defendant in the state court, "plaintiff herein has no adequate remedy at law."

The plaintiff in its petition further alleges: "That it has no plain, adequate and complete remedy at law in the premises, and that it is subjected to a multiplicity of suits; that all of said suits are between plaintiff and defendant herein, and grow out of the same transactions, and that this court, as a court of equity, can hear and determine the controversy in one action and determine the rights of plaintiff and defendant, and afford the plaintiff a complete and adequate remedy."

[1] The transactions in detail are as follows:

On May 18, 1932, defendant made seven written applications for stated loans, aggregating $2,471, on policies 1, 2, 4, 5, 6, 7 and 8. Pursuant to these applications plaintiff issued seven vouchers, payable to defendant, which in the aggregate totaled $2,442.79. Defendant endorsed the vouchers to plaintiff in payment of a premium due upon an insurance contract issued to Julia M. Wert, a sister of defendant, and in which policy defendant was named as beneficiary.

On July 16, 1932, defendant paid the premium due on policy 10 by taking a $100 loan on policy 1. Under the same date, defendant paid the premium due on policy 9 by taking a $400 loan on policy 2.

On August 4, 1932, defendant made five separate applications for loans of $111 each on policies 4, 5, 6, 7 and 8. Pursuant to such applications, plaintiff drew five drafts in the amount of $84.02 each, the net amount of each loan, payable to defendant. Defendant duly endorsed each draft to plaintiff in payment of the premium due on policies 9, 10 and 11.

On July 17, 1935, defendant took a loan of $184.21 on policy 1 and a loan of $280.79 on policy 2. These loans were applied to the payment of the premiums on policies 9 and 10.

On July 7, 1936, defendant took a loan of $67.38 on policy 1, a loan of $69.86 on policy 2, and a loan of $500 on policy 3. The $500 was applied to the payment of premiums on policies 9 and 10.

In its supplemental petition the plaintiff asserts that policies 1, 2 and 3 lapsed for nonpayment of the premium due November 28, 1937, and that the action brought by the defendant against the plaintiff in the state court praying that those policies be declared to be free and clear of encumbrances involves a moot question.

The question presented by this appeal is whether the lower court abused its discretion in denying to the plaintiff a temporary injunction restraining the prosecution by the defendant of the six cases in the state court.

■ This suit is in personam. The court below has jurisdiction of it, since diversity of citizenship exists and the requisite jurisdictional amount is in controversy. It was proper to aggregate the value of the thirteen policies to make the jurisdictional amount. Simecek v. United States Nat. Bank, 8 Cir., 91 F.2d 214, 217; Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921, 924, and cases cited; Rainier Nat. Park Co. v. Martin, D.C., 18 F.Supp. 481, 486, affirmed 302 U.S. 661, 58 S.Ct. 478, 82 L.Ed. 511.

■ The actions brought by the defendant in the state court are also in personam. The issues of fact in five of them are triable by jury. All of them are based upon the same alleged wrong committed by the plaintiff and its agent. Since these cases are not removable to the federal court, the state court has exclusive jurisdiction of them. Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. If they had been brought as one action, instead of six, the federal court could not have enjoined the defendant from prosecuting that action. Where an action first brought is in personam and only a personal judgment is sought, another action for the same cause in a different jurisdiction is not precluded. Kline v. Burke Construction Co., supra, 230, 43 S.Ct. 79; Stanton v. Embrey, 93 U.S. 548, 554, 23 L.Ed. 983; Merritt v. American Steel-Barge Co., 8 Cir., 79 F. 228, 232–234; Standley v. Roberts, 8 Cir., 59 F. 836, 844, 845; W. E. Stewart Land Co. v. Arthur, 8 Cir., 267 F. 184, 185; Baltimore & O. R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678, 680.

Section 265 of the Judicial Code (§ 379, U.S.C., Title 28, 28 U.S.C.A. § 379), upon which the lower court relied in denying the temporary injunction, provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

This provision has been in force for nearly a century and a half and "is intended to give effect to a familiar rule of comity and like that rule is limited in its field of operation. Within that field it tends to prevent unseemly interference with the orderly disposal of litigation in the state courts and is salutary; but to carry it beyond that field would materially hamper the federal courts in the discharge of duties otherwise plainly cast upon them by the Constitution and the laws of Congress, which of course is not contemplated." Wells Fargo & Co. v. Taylor, 254 U.S. 175, 183, 41 S.Ct. 93, 96, 65 L.Ed. 205.

"At the same time, since 1793, the prohibition of the use of injunction from a federal court to stay proceedings in a state court has been maintained continuously, and has been consistently upheld. Hull v. Burr, 234 U.S. 712, 723, 34 S.Ct. 892, 58 L.Ed. 1557, and cases cited. In exceptional instances the letter has been departed from while the spirit of the prohibition has been observed; for example, in cases holding that, in order to maintain the jurisdiction of a federal court properly invoked, and render its judgments and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined." Essanay Film Co. v. Kane, 258 U.S. 358, 361, 42 S.Ct. 318, 319, 66 L.Ed. 658.

Section 265 "is to be construed in connection with section 262 [Judicial Code; § 377, U.S.C., Title 28, 28 U.S.C.A. § 377], which authorizes the United States courts 'to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law.' See Julian v. Central Trust Co., 193 U.S. 93, 112, 24 S.Ct. 399, 48 L.Ed. 629; Lanning v. Osborne (C.C.), 79 F. 657, 662." Kline v. Burke Construction Co., supra, 260 U.S. 226, 229, 43 S. Ct. 79, 81.

"It [§ 265] is not a jurisdictional statute. It neither confers jurisdiction upon the District Courts nor takes away the jurisdiction otherwise specifically conferred upon them by Federal statutes. It merely limits their general equity powers in respect to the granting of a particular form

of equitable relief; that is, it prevents them from granting relief by way of injunction in the cases included within its inhibitions. In short, it goes merely to the question of equity in the particular bill. * * * This Section * * * does not prohibit in all cases injunctions staying proceedings in a State court. * * * Necessarily, therefore, in a suit in equity of which a District Court has jurisdiction under the Federal statutes, where the relief sought is an injunction against proceedings in a State court, it is the duty of the court to determine, under the allegations and proof, whether a case is made which entitles the plaintiff to the injunction sought, that is, whether the case presented is one in which such relief is prohibited by the statute or one in which it may nevertheless be granted." Smith v. Apple, 264 U.S. 274, 278, 279, 44 S.Ct. 311, 313, 68 L.Ed. 678.

■ The several classes of cases in which such injunctions may be granted consistently with the provisions of § 265 may be roughly classified as follows:

1. Proceedings in a state court in cases which have been lawfully removed to a federal court. French, Trustee v. Hay, 89 U.S. 231, 22 Wall. 231, 250, 22 L.Ed. 799; Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Dillinger v. Chicago, B. & Q. R. Co., 8 Cir., 19 F.2d 196; Simkins, Federal Practice, Revised Ed., § 740.

■ 2. Proceedings in a state court affecting the control, possession or disposition of a res of which the federal court has first acquired jurisdiction. Kline v. Burke Construction Co., supra, 260 U.S. 226, 228–235, 43 S.Ct. 79; Bryant v. Atlantic Coast Line R. Co., 2 Cir., 92 F.2d 569, 571; Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669.

■ 3. Proceedings in personam in a state court, when the federal court has acquired jurisdiction of a suit in personam involving the same subject-matter, based upon some well recognized equitable ground, and where the effect of the state court proceedings would necessarily be to defeat or impair the jurisdiction of the federal court. Wells Fargo & Co. v. Taylor, supra, 254 U.S. 175, 182–186, 41 S.Ct. 93; Essanay Film Co. v. Kane, supra, 258 U.S. 358, 361, 362, 42 S.Ct. 318; Woodmen of the World v. O'Neill, 266 U.S. 292, 298, 45 S.Ct. 49, 69 L.Ed. 293; Hill v. Martin,

296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293; American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Ruhlin v. New York Life Ins. Co., 3 Cir., 93 F.2d 416, 418, see 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Pacific Mut. Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872; First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 63 F.2d 585, 90 A.L.R. 544; Brown v. Pacific Mut. Life Ins. Co., 4 Cir., 62 F.2d 711, 713. See, also, Armour & Co. v. Miller, 8 Cir., 91 F.2d 521, 528.

■ It is the plaintiff's contention that this case falls within the third exception to the general rule that injunctions will not be granted to stay proceedings in the state courts. It argues that, while the cases in both courts are in personam, its remedy in the state court, which consists of defending six actions, where one would suffice, is not to be regarded as adequate and complete, and that the state court cannot do full and complete justice because the five policies of insurance which were purchased out of the proceeds of the loans on the eight policies upon which the defendant bases her actions are not involved in those actions.

It seems to us that it is necessary to determine two questions: (1) Do the actions in the state court constitute a multiplicity of suits which will warrant interference with the state court proceedings? (2) Will the state court be unable to do complete justice?

An inadequacy of legal remedy exists where one is bound to litigate a multiplicity of suits having a community of facts and issues. Hale v. Allinson, 188 U.S. 56, 71, 23 S.Ct. 244, 47 L.Ed. 380; Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 70, 56 S.Ct. 1, 80 L.Ed. 47. In the case last cited, the Supreme Court said (page 70 of 296 U.S., 56 S.Ct. page 4): "Avoidance of the burden of numerous suits at law between the same or different parties, where the issues are substantially the same, is a recognized ground for equitable relief in the federal courts. See Ogden City v. Armstrong, 168 U.S. 224, 18 S.Ct. 98, 42 L.Ed. 444; Hale v. Allinson, 188 U. S. 56, 23 S.Ct. 244, 47 L.Ed. 380. But the award of this remedy, as of other forms of equitable relief, is not controlled by rigid rules rigidly adhered to, regardless of the end to be attained and the consequences of granting the relief sought. It rests in the sound discretion of a court of equity,

and a theoretical inadequacy of the legal remedy may be outweighed by other considerations." See, also, Armour & Co. v. Haugen, 8 Cir., 95 F.2d 196, 199.

It is apparent that something more than a theoretical inadequacy of legal remedy must exist in order to justify the issuance of an injunction such as is prayed for in this suit. It must be a practical inadequacy of remedy sufficient to justify a court of equity in exercising its jurisdiction in favor of a plaintiff whose rights will be substantially and adversely affected if such injunction is not granted.

Theoretically, the plaintiff here is faced by six separate actions involving substantially the same issues. These six actions constitute a "multiplicity of suits". Di Giovanni v. Camden Fire Ins. Ass'n, supra, 296 U.S. 64, 70–74, 56 S.Ct. 1; New York Life Ins. Co. v. Stoner, 8 Cir., 92 F.2d 845, 848; Armour & Co. v. Haugen, supra, 95 F.2d 196, 199. The joining of these suits in one suit will result in a simplification or consolidation of the issues. See Pomeroy's Equity Jurisprudence, 4th Edition, §§ 251, 251½; Chicago & N. W. R. Co. v. Bauman, 8 Cir., 69 F.2d 171, 176, 177; New York Life Ins. Co. v. Stoner, supra, 848, 849; Armour & Co. v. Haugen, supra, 199, 200; Pacific Mut. Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872, 876.

While the plaintiff has shown a theoretical necessity for enjoining the proceedings in the state court in that it has shown the existence of six separate actions in that court which could better be disposed of as a single action, it has, we think, failed to show any practical necessity for enjoining the state court proceedings. It has not asserted that the result of one trial in the state court will not suffice to dispose of all of the cases, nor has it shown that the state court is powerless to try all of those cases as one case. The plaintiff may compel the defendant to show cause in the state court why her actions should not be consolidated, and, if no such cause be shown, the several actions will be consolidated. § 20-703, Compiled Statutes of Nebraska, 1929. No reason is apparent to us why the actions brought by the defendant in the state court should not be consolidated, and, if they are consolidated, there is no practical necessity for enjoining their prosecution, since there would be then no multiplicity of suits and no unduly vexatious litigation.

Apparently under the Nebraska practice, the plaintiff here can include in its answers in the state court actions as many grounds of defense, counterclaim and set-off as it may have, whether legal or equitable. § 20-812, Compiled Statutes of Nebraska, 1929; Ford & Isbell Lumber Co. v. Cady Lumber Co., 94 Neb. 87, 142 N.W. 300; Maier v. Romatzki, 95 Neb. 76, 144 N.W. 1036. That being true, it would seem that all matters which are set up in the plaintiff's petition in this suit in equity might be set up in its answers in the defendant's actions in the state court, and that the state court can do as full and complete justice between the parties as can be done by the federal court. The plaintiff seems to fear that because the defendant in her state court actions makes no reference to five of the policies which the plaintiff alleges were paid for out of loans procured by her upon the other eight policies, she might, if she prevailed, be permitted to keep those five policies without cost to herself. There seems little basis for apprehending any such result, but, if it were to be assumed that the state court would be unable, in the actions which the defendant has brought, to require her to do equity, there is, we think, no reason why the federal court in this suit, of which it has full jurisdiction, could not dispose of any issues between the parties which the state court had not adjudicated.

The plaintiff has failed to convince us—as it evidently failed to convince the court below—that there is any practical necessity for staying the proceedings in the state court until such time as the federal court may try this suit and enter a decree.

"There can be no question of judicial supremacy, or of superiority of individual right" (Kline v. Burke Construction Co., supra, 260 U.S. 226, 235, 43 S.Ct. 79, 83), and there is not, as we see it, any substantial reason why the proceedings in the state court and those in the federal court should be regarded as antagonistic or mutually exclusive, so that the one court must yield to the other.

It is our conclusion that the temporary injunction was properly denied. The order appealed from is affirmed.

WOODROUGH, Circuit Judge (dissenting).

I think the majority opinion ably demonstrates the sufficiency of the insurance company's bill in equity in that the bill discloses diversity and the federal jurisdictional amount involved; that complete justice can not be done between the parties

without equity accounting of the mutual interdependent dealings in regard to the thirteen insurance policies which are the subject of controversy in this suit; that plaintiff has no adequate remedy at law and that the defendant's law actions and fragmentated equity suit present a multiplicity of suits preventable in equity. I also agree that Section 265 does not deprive the federal courts of power to administer justice according to settled equity. But I do not concur in the conclusion reached herein by the majority. I do not think we should let the defendant go ahead with her wrongful multiplicity of suits, or content ourselves with merely asserting our jurisdiction, retaining it in this suit and adding this suit on to the others to swell the iniquitous multiplicity. The power we find in the court to prevent a substantial wrong implies a bounden duty to exercise the power and to prevent the wrong.

It seems to me no answer to the plaintiff herein to say that possibly the state courts will grant the plaintiff permission to get the substance of the federal equity bill into the pleadings and evidence somewhere during the progress of the multiplied suits pending in the state courts. Manifestly the law actions are intended, and in form adapted, to preclude any such thing being done, and the defendant herein has by motion and affidavit in this case asserted that her separate suits "arise out of independent transactions and none of them (is) a part of the same subject of action", and that "No case involves the same transaction." The obvious object is to narrow the law actions to prevent adjudications therein from becoming determinative of rights on the several policies which are not included in her actions, and to deprive the plaintiff here of the accounting on the thirteen policies to which it is entitled upon the facts pleaded in its equity bill. Defendant's purpose is to have more law suits on the other policies after her six suits are ended. As we hold that the federal court has jurisdiction of plaintiff's bill in equity, it follows, as I see it, that our courts are bound to protect the plaintiff in all the substantial rights asserted and drawn in controversy before us. After all, and fundamentally, the business of a court is to do complete and speedy justice between the litigants before it to the extent of its powers. And this is so notwithstanding the court's powers derive from diversity of citizenship. I think the

Supreme Court's monition against intrusion upon the state court jurisdiction on slender grounds of mere convenience in joinder (Di Giovanni v. Camden Fire Ins. Association, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47) has no application to this case. There was no intention in that decision to take away the traditional power of the federal equity courts to stay a multiplicity of law actions where such actions afford no adequate remedy and where complete justice can be done only in the equity suit.

Here the substantial right to an accounting in a single equity suit in the federal courts arises upon the facts shown. There is no mere matter of convenience in joinder, but on account of the recognized limitations of judicial powers in law actions the substantial rights of the plaintiff will be impaired or lost by suffering the multiplicity of suits to proceed. The wrong ought to be enjoined.