## AMERICAN SURETY CO. OF NEW YORK v. MARSHALL et al.

### No. 386.

District Court, W. D. Missouri, W. D.

Nov. 2, 1939.

Motion to Modify Order Overruled
Dec. 28, 1939.

Winger, Reeder & Barker, of Kansas City, Mo., for plaintiff.

John T. Barker and Frank Brockus, both of Kansas City, Mo., for defendants.

OTIS, District Judge.

The chief question presented is whether this district court has jurisdiction to enjoin the prosecution of certain cases in the state court notwithstanding Section 379 of Title 28, U.S.C. (Sec. 379, Title 28, U.S. C.A.) which provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The question arises in the following manner:

One Clare Nuhn, one of the defendants, was sheriff of Macon County, Missouri. He gave a faithful performance bond (with a maximum liability under the bond of $10,000) upon assuming office, with plaintiff as surety. While the bond was in force two persons, defendants Marshall and Clay, separately sued Nuhn as principal and plaintiff as surety in the (state) circuit court of Jackson County, claiming damages in a total amount of $50,000 for alleged unlawful acts of Nuhn committed under color of his office. Afterwards plaintiff instituted this suit asking: (a) A declaratory judgment of its liabilities, if any, to Marshall and Clay; (b) that, if plaintiff is adjudged liable to Marshall and Clay, they be required to interplead; and (c) for exoneration from Nuhn on account of any losses sustained by plaintiff under its bond. Plaintiff asks a temporary injunction against the prosecution of the suits in the circuit court.

Since the injunction sought is not authorized "by any law relating to proceedings in bankruptcy", obviously it is asked in the very teeth of the letter of Section 379. It always has been recognized, however, that there are exceptions implied in

the statute in addition to the one exception expressed. Plaintiff relies upon an implied exception.

■ Before we consider whether the case falls within any implied exception it is necessary to consider a contention of counsel for Marshall and Clay, the contention that this court has no jurisdiction of this case and hence no jurisdiction to issue an injunction. The contention depends upon the further contention that the parties should be realigned, that Nuhn should be treated as a party plaintiff, in which event (since Nuhn, Marshall and Clay all are residents of Missouri) there would not be complete diversity of citizenship as between plaintiffs and defendants. But the doctrine of realignment has no application here. 1. This is primarily a proceeding for a declaratory judgment of the liabilities of plaintiff to Marshall and Clay. To that proceeding Nuhn is not a party in any true sense. 2. To the extent that the proceeding is one in the nature of interpleader, again Nuhn is not a party in any true sense. 3. To the extent that the proceeding is one for exoneration, of course Nuhn should not be realigned with plaintiff, since the only relief asked is against him.

■ The implied exception to the prohibition of Section 379 relied on by the plaintiff here is that thus formulated in Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10, 14: "Proceedings in personam in a state court, when the federal court has acquired jurisdiction of a suit in personam involving the same subject-matter, based upon some well recognized equitable ground, and where the effect of the state court proceedings would necessarily be to defeat or impair the jurisdiction of the federal court."

■ Certainly the state court proceedings here sought to be enjoined are "proceedings in personam" "involving the same subject-matter" as is involved in this proceeding here (although those proceedings also involve a subject-matter not involved here and although this proceeding also involves a subject-matter not involved in the state court proceedings). The proceeding here (considered as a bill in the nature of a bill of interpleader) is based upon a "well recognized equitable ground." Standard Surety & Casualty Co. v. Baker et al., 8 Cir., 105 F.2d 578. The case cited supports the further conclusion that "the effect of the state court proceedings would necessarily be to defeat or impair the jurisdiction of the federal court."

It follows from what we have said and from the authorities cited that the plaintiff is entitled to a temporary injunction restraining the prosecution of the state court proceedings against the plaintiff. It does not follow that plaintiff is entitled to an injunction restraining the prosecution of the state court proceedings against Nuhn.

The temporary injunction will issue.