AMERICAN SURETY CO. OF NEW YORK
v. MARSHALL et al.

No. 386.

District Court, W. D. Missouri, W. D.

Dec. 28, 1939.

For former opinion, see 29 F.Supp. 946.

Winger, Reeder & Barker, of Kansas City, Mo., for plaintiff.

John T. Barker, Frank Brockus, Fred A. Bredehoft, and Robert B. Vaughan, all of Kansas City, Mo., for defendants.

OTIS, District Judge.

Defendant Nuhn was sheriff of Macon County, Missouri. He was required to and did give a faithful performance bond with plaintiff as surety. Defendants Marshall and Clay sued Nuhn and plaintiff on the bond in a state court (Nuhn as principal and plaintiff as surety). Thereafter the present action (a suit for declaratory judgment, to require Marshall and Clay to interplead, and for exoneration from Nuhn) was instituted by plaintiff in this court. A temporary injunction was granted restraining the prosecution against plaintiff (but not against Nuhn) of the state court proceedings. American Surety Co. v. Marshall, et al., D.C., 29 F.Supp. 946. Plaintiff now moves for a modification of the temporary injunction so that it will prohibit the prosecution even as against Nuhn of the state court proceedings.

It may be debatable whether the temporary injunction was not improvidently issued. It was issued on the theory that notwithstanding the prohibition against enjoining proceedings in a state court (Tit. 28, Sec. 379, U.S.C., 28 U.S.C.A. § 379) such an injunction would issue "when the federal court has acquired jurisdiction of a suit in personam involving the same subject-matter [as that involved in a state court proceeding], based upon some well recognized equitable ground, and where the effect of the state court proceedings would necessarily be to defeat or impair the jurisdiction of the federal court." Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10, 14; Standard Surety & Casualty Co. of New York v. Baker et al., 8 Cir., 105 F.2d 578. Such a situation, the courts have held, presents an implied exception to the prohibition of the statute.

The first step in the contention of the plaintiff now is that although Nuhn, principal in the bond, is asking no relief here against Marshall and Clay (indeed he could not since there is no diversity of citizenship), nevertheless if Marshall and Clay procure a judgment in the state court against Nuhn as principal in the bond, that judgment will be conclusive as to Nuhn's liability on the bond. The second step in plaintiff's contention is that in the case here the issue of the liability of the plaintiff, as surety, to Marshall and Clay is involved, that a judgment obtained in the state court in an action against the principal by Marshall and Clay is res adjudicata of important elements of that issue, that if such a judgment is obtained in the state court it may be pleaded and proved here, that, therefore, to permit Marshall and Clay to obtain a judgment against Nuhn as principal will be "necessarily to defeat or impair the jurisdiction of the federal court."

It seems to us that all the facts stated in the contention of plaintiff may be (and doubtless they should be) admitted, but that the conclusion does not follow. What is the jurisdiction of this court? Its jurisdiction is to decide the case upon the evidence presented and to enforce its decree. Whatever interferes directly with the exercise of these powers defeats or impairs jurisdiction. That which does not touch these powers does not defeat or impair jurisdiction. Certainly it is no part of the jurisdiction of any court to determine what evidence a party may submit or to prevent the creation of evidence, however determinative of issues that evidence may be.

Suppose that A sues B in this court and that the court has jurisdiction of the parties and subject matter and jurisdiction to decide the case and to enforce its judgment. Would anyone suggest that the execution by the parties of some formal instrument which, if introduced in evidence in the case of A vs. B, would determine the result, would anyone suggest that the execution of that instrument outside the tribunal in any way would impair or defeat the jurisdiction of this court? Why should it be suggested that because, if B sues C in a state court and gets judgment and if that judgment, if introduced in evidence in the case of A vs. B it will be material evidence, that either (1) the obtaining of the judgment or (2) its introduction in evidence will defeat or impair the jurisdiction of this court? Neither of these questions can be answered so as to indicate that jurisdiction would be defeated or impaired except upon the untenable theory that jurisdiction to decide a case includes jurisdiction to determine what the evidence in the case shall be.

We granted the temporary injunction because an implied exception to the express prohibition of the statute warranted that action. If the implied exception is to be given a hitherto unheard of expansion

it must be by some court having a bolder voice than ours.

Motion overruled. So ordered.